R. Wayne Johnson, pro se.

Anthony J. Nelson, Asst. Atty. Gen., Austin, for appellee.

SUMMERS, Chief Justice.

Appellant, R. Wayne Johnson, appeals the order dismissing his suit against appellee, James Lynaugh, upon the trial court's determination that the action was frivolous. We affirm.

Johnson, an inmate, sued Lynaugh, Director of the Texas Department of Corrections (hereinafter TDC), for violations of his rights guaranteed by Tex. Const. art. I, §§ 3, 3a, 6, 13, and 19. Johnson also contended that three TDC disciplinary rules were unconstitutionally void for vagueness. Johnson filed this pro se action *in forma pauperis* (hereinafter IFP) pursuant to Tex.R.Civ.P. 145.

As part of the defendant's original response, Lynaugh made a motion to dismiss the action as frivolous pursuant to Tex.Civ. Prac. & Rem.Code Ann. § 13.001 (Vernon Supp.1989). He alleged that the action had only a slight chance of ultimate success, the claim had no arguable basis in law or fact, and Johnson could not prove a set of facts in support of the claim. The trial court granted the motion and issued an order dismissing Johnson's suit as frivolous on February 3, 1988.

As we understand Johnson's brief, he asserts that the trial court abused its dis-

**R. Wayne JOHNSON, Appellant,**

v.

**James LYNAUGH, Appellee.**

**No. 12–88–00109–CV.**

Court of Appeals of Texas, Tyler.

Feb. 28, 1989.

Rehearing Denied March 17, 1989.

cretion in dismissing the suit because the claims therein had merit. He contends that the court should construe pro se claims liberally and in the light most favorable to the plaintiff. Additionally, Johnson asserts that he should have been allowed to amend his petition prior to dismissal.

Tex.Civ.Prac. & Rem.Code § 13.001, a new statute which became effective June 19, 1987, permits a state court to dismiss as frivolous an action filed without cost deposit pursuant to Tex.R.Civ.P. 145. Section 13.001 reads as follows:

§ 13.001. Dismissal of Action

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

Section 13.001(a) parallels 28 U.S.C. § 1915(d),[1] the federal statute allowing federal courts to dismiss frivolous or malicious IFP actions. The three factors enumerated in section 13.001(b) are a codification of the guidelines used by the federal district courts in determining whether claims are frivolous. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

This being a case of first impression construing section 13.001, we will look to its federal counterpart for aid in interpretation. The Fifth Circuit discussed the neces-

sity of allowing federal district courts broad discretion when determining whether or not a claim is frivolous pursuant to section 1915(d) in *Green:*

Unlike most litigants, prisoners have everything to gain and nothing to lose by filing frivolous suits. Filing a suit *in forma pauperis* costs a prisoner little or nothing; time is usually of little importance to a prisoner and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions or perjury.... Thus, the temptation to file frivolous or malicious suits is strong, and these suits clutter up the federal courts, wasting scarce and valuable judicial resources, subjecting prison officials unnecessarily to the burdens of litigation and preventing prisoner suits with merit from receiving adequate attention.

. . . .

Proper use of § 1915(d) procedures should enable a district court to determine at the earliest possible stages in pro se litigation whether there is any merit to an IFP proceeding.... A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone.... An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).

*Green*, 788 F.2d at 1119, 1120.

The reasons articulated above apply equally to our state judicial system. We hold that the trial court should be allowed broad discretion when determining whether or not a suit filed pursuant to Tex.R.Civ.P. 145 should be dismissed as frivolous under section 13.001. Based upon the foregoing

---

**1.** 28 U.S.C. § 1915(d) reads in pertinent part: "The court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

principals, we must determine whether the trial court abused its discretion in determining that Johnson's suit against Lynaugh was frivolous.

 Johnson's pro se petition purported to state two causes of action. First, he complained of a policy denying him a cassette tape player in his cell. Johnson asserted that a tape player was necessary in order for him to meditate three times daily, a practice of his religion. Johnson claims denial of a tape recorder violates Tex. Const. art. I, § 6, as well as section 19 (due process), section 13 (cruel or unusual punishment), and sections 3 and 3a (equality under the law). Second, Johnson contends that three TDC disciplinary rules were unconstitutionally void for vagueness.

The cornerstone of Johnson's first argument is Tex. Const. art. I, § 6.[2] The realistic chance of ultimate success for this claim is slight. As the Director of TDC, Lynaugh has the power to promulgate reasonable rules governing the treatment and discipline of prisoners with the consent of the TDC. Tex.Rev.Civ.Stat.Ann. art. 6166j (Vernon Supp 1989). A rule denying inmate's unfettered possession of objects which could be used for weapons is certainly reasonable. "Although freedom to believe may be said to be absolute, freedom of conduct is not and conduct even under religious guise remains subject to regulation for the protection of society." Tex. Const. art. I, § 6, interp. commentary (Vernon 1984).

Johnson's complaint regarding the disciplinary rules is equally frivolous. Although he asserts that the rules were void for vagueness, Johnson fails to allege or show how he was harmed by any of the rules.

In order for any person to maintain a suit it is necessary that he has standing to litigate the matters at issue. "Standing consists of some interest peculiar to the person individually and not as a member of the general public." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). Johnson's petition failed to show that he had standing to litigate any matter regarding the rules.

Moreover, Johnson's complaint that the trial court should have allowed him to amend his petition before dismissing the case is likewise without merit. The trial court analyzed the allegations in Johnson's IFP petition applying the guidelines set forth in section 13.001(b) and found the petition to be frivolous. Section 13.001(c) permits dismissal of a cause as frivolous either before or after service of process. The trial court was under no duty to *sua sponte* suggest that Johnson amend his pleading.

We hold that the trial court did not abuse its discretion in dismissing this cause as frivolous. The order of dismissal is affirmed.

---

2. § 6. Freedom of worship

Sec. 6. All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.