Van v. State 






 AFFIRMED 
MAY 17, 1990 

NO. 10-89-261-CR
Trial Court
# 26210
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

SHIRLEY LEE VAN,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 18th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Appellant was indicted for involuntary manslaughter, and a
jury convicted her of criminally negligent homicide, a lesser-included offense. Her punishment was assessed at one year in jail
and a $2000 fine. See TEX. PENAL CODE ANN. §§ 19.05(a)(1),
19.07(a) (Vernon 1989). She complains that the indictment was
defective because it failed to: (1) allege an offense; and (2) set
forth in plain and intelligible language sufficient information to
enable her to prepare a defense. She also asserts that the court
erred when it allowed the State to substantively amend the
indictment. The judgment will be affirmed.
The amended indictment alleged that on September 11, 1987,
Appellant "recklessly [caused] the death of an individual, Baby
Girl Van, by interrupting the breathing of Baby Girl Van thereby
causing the death of Baby Girl Van." Appellant filed a motion to
quash the indictment on the grounds that it did not allege with
reasonable certainty the act or acts relied upon to constitute
recklessness or set forth the offense charged in plain and
intelligible words. The court denied the motion. In points one
and two Appellant complains that the court erred when it denied her
motion. 
Article 21.15 of the Code of Criminal Procedure provides:
Whenever recklessness or criminal negligence enters into
or is a part or element of any offense, or it is charged that
the accused acted recklessly or with criminal negligence in
the commission of an offense, the complaint, information, or
indictment in order to be sufficient in any such case must
allege, with reasonable certainty, the act or acts relied upon
to constitute recklessness or criminal negligence, and in no
event shall it be sufficient to allege merely that the
accused, in committing the offense, acted recklessly or with
criminal negligence.
TEX. CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). An indictment
complies with article 21.15 if "the act relied upon to constitute
recklessness is alleged with reasonable certainty so that the
accused will be informed of the nature of the reckless act." 
Townsley v. State, 538 S.W.2d 411, 412 (Tex. Crim. App. 1976). The
amended indictment alleged with reasonable certainty that Appellant
caused the death of the child by interrupting her breathing. 
Furthermore, allegations as to how the child's breathing was
interrupted would be purely evidentiary. See American Plant Food
Corporation v. State, 508 S.W.2d 598, 604 n.3 (Tex. Crim. App.
1974).
An indictment is sufficient if it:
charges the commission of the offense in ordinary and concise
language in such a manner as to enable a person of common
understanding to know what is meant, and with that degree of
certainty that will give the defendant notice of the
particular offense with which he is charged, and enable the
court, on conviction, to pronounce the proper judgment.
TEX. CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1989). The language
of the indictment eliminated all hypothetical circumstances except
causing the child's death by interrupting her breathing. Appellant
testified on cross-examination that she understood the charges
against her, and that she had seen and understood the amended
indictment. Based on these admissions as well as the specific
language contained in the amended indictment, a person of common
understanding could have understood the charges, and Appellant was
notified of the charges against her. Points one and two are
overruled. 
The original indictment alleged that Appellant "recklessly
[caused] the death of an individual, Baby Girl Van, to-wit: by
failing to provide the necessary assistance, as she was required to
do, thereby causing the death of Baby Girl Van." Appellant filed
a motion to quash the indictment, and the State filed a motion to
amend the indictment. The court granted the State's motion, and
the amended indictment, alleging that Appellant "recklessly
[caused] the death of an individual, Baby Girl Van, by interrupting
the breathing of Baby Girl Van thereby causing the death of Baby
Girl Van," was filed. Subsequently, Appellant filed a motion to
quash the amended indictment, claiming that "any amendments to the
indictment would charge [her] with an additional or different
offense, or in the alternative, [her] substantial rights . . .
would be prejudiced." Her third point is that the court erred when
it allowed the State to substantively amend the indictment.
Article 28.10 of the Code of Criminal Procedure provides in
part:
(a) After notice to the defendant, a matter of form or
substance in an indictment or information may be amended at
any time before the date the trial on the merits commences. 
On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended
indictment or information.
* * *
(c) An indictment or information may not be amended over
the defendant's objection as to form or substance if the
amended indictment or information charges the defendant with
an additional or different offense or if the substantial
rights of the defendant are prejudiced.
TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989). Here, the
indictment was amended more than sixty days prior to trial, and
Appellant had ample time to respond. Furthermore, both the
original and the amended indictments charged Appellant with the
same offense, involuntary manslaughter, i.e., "recklessly [causing]
the death of an individual, Baby Girl Van." See TEX. PENAL CODE
ANN. § 19.05(a)(1) (Vernon 1989). The amended indictment merely
alleged with more specificity the act Appellant was charged with
recklessly committing. Point three is overruled.
All points have been overruled. The judgment is affirmed.
 
                         
BOB L. THOMAS
DO NOT PUBLISHChief Justice



"The District Court abused its discretion when it
failed to forward the petition to the proper jurisdiction in the matter."
      Appellant states in his brief that Travis County was the county having jurisdiction over his
case. He contends that, since he "inadvertently" filed same in Coryell County, the trial court
abused its discretion in dismissing his case. He further contends the trial court should have
forwarded his petition to Travis County.
      Texas Civil Practice & Remedies Code § 13.001, Dismissal of Action, provides in pertinent
part: 
      (a)  A court in which an affidavit of inability to pay under Rule 145 of Texas Rules
of Civil Procedure has been filed, may dismiss the action on a finding that:
. . . 
(2) the action is frivolous or malicious. 
      (b)  In determining whether the action is frivolous or malicious the court may
consider whether: 
            (1)  the action's realistic chance of success is slight; 
            (2)  the claim has no arguable basis in law; or 
            (3)  it is clear that the party cannot prove a set of facts in support of his
claim . . . .

      The trial court has broad discretion to determine whether a suit filed pursuant to Rule 145,
Texas Rules Civil Procedure, should be dismissed as frivolous under § 13.001 of the Texas Civil
Practice & Remedies Code. Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989
writ denied), 796 S.W.2d 705 (Tex. 1990).
      Johnson states that Section 13.001 mirrors 28 U.S.C § 1915(d), the federal statute
empowering federal courts to dismiss frivolous or malicious informa pauperis actions; and
explains that Congress recognized that a litigant whose filing fees and court costs are assumed by
the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,
malicious, or repetitive lawsuits.
      The trial court did not err in dismissing Appellant's action as frivolous. Appellant's point is
overruled and the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 22, 1996
Do not publish