Burnice Joe BIRDO, TDCJ–
ID # 406367, Appellant,

v.

Claude WILLIAMS, Jim H. Gant, Jim Alexander, Donna Latham, Texas Department of Criminal Justice, Institutional Division, Appellees.

No. 01–91–00294–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 29, 1993.

Burnice Joe Birdo, Beeville, for appellant.

Frank Blazek, Huntsville, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE*, JJ.

## OPINION ON MOTION FOR REHEARING

OLIVER–PARROTT, Chief Justice.

We withdraw our earlier opinion, we substitute the following opinion in its stead, and we grant appellant's motion for rehearing. Appellant's motion for rehearing en banc is denied.

This is an appeal of the trial court's dismissal of appellant's cause of action as frivolous, under TEX.CIV.PRAC. & REM.CODE

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

ANN. § 13.001 (Vernon Supp.1993). We affirm.

Appellant, Burnice Joe Birdo, a state prison inmate, sued the Texas Department of Criminal Justice, Institutional Division (TDCJ) and its personnel, in connection with his claim that the defendants improperly investigated appellant's charge that a prison guard threw a cup of hot coffee at him, burning his upper arm. Appellant, suing under the Texas Tort Claims Act,[1] and under TEX.CIV.PRAC. & REM.CODE ANN. § 104.002 (Vernon Supp.1993), alleged negligent investigation and recording of the incident, and negligent infliction of emotional distress, and claimed $200,000 in actual damages. On March 12, 1991, the trial court, on its own motion and without a hearing, signed an order stating the court had "decided that the purported cause of action is frivolous and that the same should be dismissed as provided in the Civil Practice and Remedies Code of Texas, Chapter 13, Section 13.001(a)(2)."

In his sole point of error, appellant asserts the trial court abused its discretion in dismissing his suit as frivolous because his action has a basis in law and fact.

■ A pro se *in forma pauperis suit* may be dismissed either before or after service of process if, under section 13.-001(a), the trial court finds that 1) the allegation of poverty is false, or 2) the action is frivolous or malicious. *McDonald v. Houston Dairy*, 813 S.W.2d 238, 238 (Tex.App.—Houston [1st Dist.] 1991, no writ). The trial court has broad discretion in its determination to dismiss a suit under section 13.001. *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989), *writ denied per curiam*, 796 S.W.2d 705 (Tex.1990); *Thompson v. West*, 804 S.W.2d 575, 576 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Johnson v. Peterson*, 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ).

In the present case, the trial court specifically said the suit was dismissed because it was frivolous under section 13.001(a)(2), i.e., the claim has no arguable basis in law or in fact. The trial court dismissed the case after reviewing only appellant's peti-

tion; the defendants had not been served with citation.

■ When the trial court, as in the present case, dismisses a cause without a fact hearing, the trial court could not have determined the suit had no arguable basis in fact. *McDonald*, 813 S.W.2d at 239. Therefore, in such a case, the issue is whether the trial court properly determined there was no arguable basis in law for the suit. *Id.*

### Claims Against the TDJC

Appellant's first alleged cause of action is brought under the Texas Tort Claims Act, claiming "personal injury via the use of tangible personal property and negligence in carrying out a policy." Appellant seeks judgment against TDCJ under this cause of action. Appellant's specific complaint is that he suffered "mental anguish, torment, suffering, depression, and emotional distress, proximately caused by ... [TDCJ] employees, agents, servants, or contractors Claude Williams, Jim Gant, and Jim Alexander," when they negligently carried out the investigation of a use of force claim by appellant, against employee Kevin Nickerson. The negligence specifically alleged is their negligent implementation of the TDCJ's "investigative use of force policy" by their failure to properly interview appellant and his listed witnesses, and their failure to provide requested polygraph tests. Appellant also claims injury because TDCJ employee, Donna Latham, had "negligently [used] tangible personal property, i.e., Inmate Use of Force Injury Report" when she recorded that no injuries were noted on appellant from the alleged use of force by employee Nickerson.

The Texas Tort Claims Act, section 101.-021 provides:

> A governmental unit in the state is liable for:
>
> 1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

---

**1.** TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

B) the employee would be personally liable to the claimant according to Texas law; and

2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

To sue a governmental unit under section 101.021(1), a cause of action must involve the use or operation of a motor-driven vehicle or equipment. No such vehicle or equipment is involved in the present case. Therefore, appellant's cause of action, if one exists, must arise under section 101.-021(2).

To state a viable claim under section 101.021(2), appellant had to allege that he had suffered personal injury caused by a condition or use of tangible personal or real property.

Appellant argues that he has asserted a valid claim under the Texas Tort Claims Act because the supreme court, in *State v. Terrell*, said that "if ... an officer or employee acts negligently in *carrying out* [police] policy, government liability may exist under the Act." *State v. Terrell*, 588 S.W.2d 784, 788 (Tex.1979) (emphasis added). We do not reach the question of whether the TDCJ employees acted negligently in carrying out policy, unless we first conclude a claim exists under the Texas Tort Claims Act, i.e., that appellant alleged he suffered personal injury caused by a condition or use of tangible personal property.[2]

Appellant did allege that his mental anguish was caused, in part, by a TDCJ employee's "negligent [use] of tangible personal property" when she recorded that

"no injuries were noted from the said use of force" in the Inmate Use of Force Injury Report.

■ "Tangible property," as used in this section, is property that is capable of being handled, touched, or seen. *Robinson v. City of San Antonio*, 727 S.W.2d 40, 42 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Written documents have been held to be tangible property where they represent or record a tangible situation, such as electrocardiogram graphs or medical files, records, or reports. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex.1983); *City of Houston v. Arney*, 680 S.W.2d 867, 874 (Tex.App.—Houston [1st Dist.] 1984, no writ). Where the writing represents or records an intangible idea, such as a court order or warrant, it is intangible. *Montoya v. John Peter Smith Hosp.*, 760 S.W.2d 361, 364 (Tex.App.—Fort Worth 1988, writ denied); *Robinson*, 727 S.W.2d at 43. "Use of tangible personal property" has been held to include "misuse." *Salcedo*, 659 S.W.2d at 33; *Montoya*, 760 S.W.2d at 364.

■ The failure to record an essential entry into a medical chart has been held to be a "use" of tangible personal property for purposes of section 101.021(2). *University of Texas Medical Branch at Galveston v. York*, 808 S.W.2d 106, 108 (Tex. App.—Houston [1st Dist.] 1991, writ granted). We agree that this case falls squarely into the same "use" of tangible property described in *York*. *York* held that the assertion that the defendant failed to record an essential entry into a medical chart properly invoked the provisions of section 101.021(2) of the Texas Torts Claims Act. In the instant case, appellant contended in his pleading that a TDCJ employee had *negligently recorded* that he had received no injuries from the hot coffee in the official injury report. Appellant further asserted that the *negligent recording* of his physical condition caused him to suffer mental anguish. By alleging the misuse of

---

**2.** We consider it relevant to the analysis in this case that appellant is not seeking recovery for the injury to his arm allegedly caused by the guard throwing hot coffee at him. Rather, appellant seeks recovery for mental anguish caused by the prison employees' alleged negligent investigation of his complaint.

his records in failing to record his injuries, appellant has stated a claim that insofar as the Texas Tort Claims Act has an arguable basis in law. *Texas Dep't of Mental Retardation v. Petty*, 848 S.W.2d 680, 684 (Tex.1992).

■ Since appellant filed this cause and the same was dismissed by the trial court, however, the Texas Supreme Court has eliminated negligent infliction of emotional distress as a cause of action. *Boyles v. Kerr*, 855 S.W.2d 593, 599–600 (1993). That pronouncement, therefore, eliminated any arguable basis in law once possessed by the cause.

### Claims Against the Individual Defendants

■ Appellant's second cause of action seeks a judgment against the individual defendants, personally, jointly and severally, alleging that section 104.002 authorizes appellant to bring a civil action against the individual prison employees for their negligence, wrongful acts, or omissions committed in the course and scope of their employment. Section 104.002 reads, in relevant parts:

§ 104.002. State Liability; Conduct Covered

(a) the state is liable for indemnification under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:

(1) the damages arise out of a cause of action for negligence, except a willful or wrongful act or an act of gross negligence; or

(2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, except when the court in its judgment or the jury in its verdict finds that the person acted in bad faith, with conscious indifference or reckless disregard; or

(3) indemnification is in the interest of the state as determined by the attorney general or his designee.

TEX.CIV.PRAC. & REM.CODE ANN. § 104.002 (Vernon Supp.1993).

Section 104.002 deals with *State liability*, not employee personal liability. It provides no basis for appellant's claim that the individual employee defendants are personally liable. *See Texas Employment Comm'n v. Camarena*, 710 S.W.2d 665, 672 (Tex.App.—Austin 1986), *rev'd on other grounds*, 754 S.W.2d 149 (Tex.1988). Against the individual defendants, appellant's claims have no arguable basis in law.

We conclude that appellant's claims have no arguable basis in law, and therefore, affirm the dismissal by the trial court.

MIRABAL, J., concurring.

MIRABAL, Justice, concurring.

I concur.

I disagree with the majority's conclusion that appellant stated a claim under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

It is true that the failure to record an essential entry into a medical chart has been held to be a "use" of tangible personal property for purposes of section 101.-021(2). *University of Texas Medical Branch at Galveston v. York*, 808 S.W.2d 106, 108 (Tex.App.—Houston [1st Dist.] 1991, writ granted). However, the present case is distinguishable from *York*. There, the medical staff failed to record important observations in the plaintiff's medical records. In the present case, appellant does not allege a failure to record relevant observations in the report. Rather, appellant alleges the TDCJ employee *did* record her observations in the report; appellant's complaint is that he disagrees with what she

wrote. According to appellant's allegations, the TDCJ employee wrote in the injury report that "no injuries were noted." Although, the employee may have been negligent in *not noticing* the injuries appellant claims he suffered, her recording of her observations does not constitute a "misuse of the report."

Further, the recent Texas Supreme Court case of *Texas Department of Mental Retardation v. Petty*, 848 S.W.2d 680 (Tex. 1992), does not support the ruling of the majority in the present case. In *Petty*, the plaintiff spent most of her life in state mental health facilities, from the time she was 16 years old until she was almost 70. *Petty*, 848 S.W.2d at 681. Ms. Petty alleged that the Texas Department of Mental Health and Mental Retardation misused her medical records by effectively ignoring them, resulting in continued misdiagnosis and improper treatment. The allegations were:

> Over time, the State's diagnosis for Ms. Petty ranged from hebephrenic schizophrenic, mentally ill, not mentally ill, mildly mentally retarded, moderately mentally retarded, to not mentally retarded at all. Her treatment, however, was never affected. For five decades, her treatment consisted of only "custodial" care, the principal rehabilitative therapy being 35 years of work in the hospital laundry at a salary of $2.00 per week.

*Petty*, 848 S.W.2d at 681. In the present case, there is no allegation that the TDCJ employee misread or ignored appellant's medical file.

I would hold that appellant has not stated a claim arising from a "use" of tangible personal property, and therefore appellant's claim is not covered by the Texas Tort Claims Act.