Fuller-AD v. Garner et al. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-038-CV

     ALONZO DIEGO FULLER,
                                                                                              Appellant
     v.

     JACK GARNER, SR., WARDEN, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,268
                                                                                                    

O P I N I O N
                                                                                                    

       This is an appeal from the dismissal of an in forma pauperis action filed under Rule 145 of
the Rules of Civil Procedure by Alonzo Diego Fuller against Jack Garner, Sr., Michael Leonard,
and Raul Mata. See Tex. R. Civ. P. 145. The trial court dismissed the cause as frivolous against
Garner and Mata because the claim had no arguable basis in law or in fact. See Tex. Civ. Prac.
& Rem. Code Ann § 13.001 (Vernon Supp. 1994). We conclude that the court did not abuse its
discretion in dismissing the cause, and we therefore affirm the judgment.
      Fuller filed suit against three defendants. The court dismissed the suit as to Garner and Mata. 
Although no order of severance appears in the record, we believe that an involuntary dismissal
under section 13.001 as to a named defendant prior to service of citation on that defendant is an
appealable order. See id. 
      Fuller's petition alleges that in August 1993 he was put on "special cell restriction" for thirty
days. During such period, an inmate may only have limited personal property. The remainder
of an inmate's personal property is to be inventoried, packaged, and delivered to the prison
property officer. Officer Leonard informed Fuller that he would package Fuller's remaining
belongings and deliver them to the property officer. According to Fuller, a fan, tennis shoes, a
clock, and other miscellaneous items were missing when he returned from special cell restriction.
      Fuller's petition alleges that he filed an institutional grievance complaining about the missing
items. He pursued his complaint through several levels of the grievance process but did not
receive a result satisfactory to him. Fuller's mother spoke with Garner, the prison warden, who
assigned Mata to investigate the matter. Again, Fuller was not satisfied with the results.
      Fuller filed suit alleging that Leonard negligently overlooked some of his personal property
when he inventoried his belongings and "failed to secure" the property Fuller claims was lost or
damaged. Fuller's petition alleges that each defendant, in violation of the Texas Tort Claims Act,
failed to conduct a thorough investigation of his allegations and failed to properly secure his
personal property. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1986). Fuller
also cites section 500.007 of the Government Code for the proposition that the Texas Department
of Criminal Justice-Institutional Division (TDCJ-ID) may pay claims made by inmates for property
lost or damaged by the department.


 
      The trial court should be allowed broad discretion when determining whether a suit filed
pursuant to Rule 145 should be dismissed as frivolous or malicious under section 13.001. Johnson
v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), writ denied per curiam, 796 S.W.2d
705 (Tex. 1990). 
      The applicable portion of section 101.021 provides:
      A governmental unit in the state is liable for:
(2) personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.
Tex. Civ. & Prac. Code Ann. § 101.021(2). Fuller's petition does not allege "personal injury
or death" which would bring his claim within the ambit of section 101.021. See id. Furthermore,
section 101.021(2) provides for the waiver of the governmental unit's sovereign immunity. Id. 
The TDCJ-ID was not named as a defendant in this suit. See id. § 101.102(b) (Vernon 1986).
      Section 501.007 of the Government Code provides that the "institutional division" may pay
from miscellaneous funds claims made by inmates for property lost or damaged by the division. 
Tex. Gov't Code Ann. § 501.007. Again, the TDCJ-ID was not named as a defendant in the
lawsuit.
      We conclude that the court did not abuse its discretion in dismissing the action because the
claim had no arguable basis in law or in fact. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001. 
We affirm the judgment dismissing Fuller's claims against Garner and Mata.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 30, 1994
Do not publish 



ize: 12pt">Opinion delivered and filed June 23, 1993
Do not publish