Bell v. Lawrence 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-313-CV

DARRYL WAYNE BELL,
                                                                                              Appellant
     v.

W. LAWRENCE, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,918
                                                                                                    

O P I N I O N
                                                                                                    

      Darryl Wayne Bell, a prison inmate, filed a lawsuit in forma pauperis against W. Lawrence,
a correctional officer with the Texas Department of Criminal Justice-Institutional Division. See
Tex. R. Civ. P. 145. The court dismissed the action, finding that the suit was frivolous and
malicious because the claim stated had no arguable basis in law or in fact, Bell failed to state a
cause of action, only minimal damages were possible, and Bell had failed to exhaust his
administrative remedies. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon Supp.
1995). We will affirm the judgment.
      Bell's original petition alleges a section 1983 civil rights action. See 42 U.S.C.A. § 1983
(West 1994). He alleges that on August 17, 1994, Lawrence "sever[e]ly damaged" his tennis
shoes. Bell sought a declaratory judgment, an injunction, compensatory damages of $6,000, and
punitive damages of $6,000. 
      On appeal, Bell contends that his petition alleged "cruel and unusual punishment and violation
of due process by intentional deprivation of property." His brief states his points of error as
"whether complainant stated a cause of action"; "whether only minimal damages possible"; and
"whether appellant failed and required to exhaust administrative remedies." The combined
argument under these points cites rules of civil procedure regarding the required content of
original petitions. See Tex. R. Civ. P. 45, 47. 
      Trial courts have great discretion in dismissing frivolous or malicious in forma pauperis
claims. Johnson v. Lynaugh, 766 S.W.2d 393, 394, writ denied per curiam, 796 S.W.2d 705
(Tex. 1990). An abuse of discretion occurs when the court acts arbitrarily, capriciously, and
without reference to any guiding principles. Smithson v. Cessna Aircraft Co., 665 S.W.2d 439,
443 (Tex. 1984).
      Bell couches his cause of action as a section 1983 civil rights violation for damage to his
tennis shoes. "De minimus non curiat lex. The law cares not for small things." Smith v. Stevens,
822 S.W.2d 152, 152 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Any error in
dismissing Bell's suit is harmless because the amount of actual damages is insignificant. See id. 
The court did not abuse its discretion in dismissing Bell's in forma pauperis claim. See Johnson,
766 S.W.2d at 394.
      We affirm the judgment.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 3, 1995
Do not publish