Hawkins v. Morgan, et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-220-CV

     VENICES A. HAWKINS,
                                                                                              Appellant
     v.

     JAY T. MORGAN, ET AL.,
                                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-177-B
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Hawkins appeals from the trial court's dismissal of his pro se informa pauperis
action under the authority of Section 13.001 of the Texas Civil Practice and Remedies Code.
      Appellant, an inmate of the Texas Department of Criminal Justice, Institutional Division, at
the Boyd Unit in Teague, Texas, brought this pro se action against Appellees Jay T. Morgan,
Benny Boykin, John Goynes, Yancy Brackin, and Ralph Pfleeger. 
      Appellee Morgan is alleged to be senior warden of the Boyd Unit; Appellee Boykin is alleged
to be a captain in the Boyd Unit; Appellee Goynes is alleged to be a substitute counsel at a
disciplinary hearing.
      Appellant alleges that Appellees charged him with the inmate offense of fighting without a
weapon on May 21, 1995; that he was tried at a disciplinary hearing for said offense and was
found not guilty on May 23, 1995. The next day, to-wit, May 24, 1995, he was retried for said
offense and found guilty for which his punishment was set at 30 days commissary restriction, 30
hours of extra duty, and a reprimand. Appellant further alleged that he is black whereas the
Appellees are white men; that Appellees acted out of hatred and malice toward him because of
racial reasons; that Appellees told him that they took the action because Appellant was "a black
inmate, a nigger," and that "we are the Ku Klux Klan, and we hang niggers." Appellant sued
Appellees for $50,000 damages, $50,000 punitive damages, $50,000 monetary damages, and costs
of suit.
      Appellant filed this civil suit in the 87th District Court of Freestone County, Texas, on June
5, 1995, and on June 22, 1995, the trial court entered its order dismissing this case with prejudice
"pursuant to its vested authority under Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon
Supp. 1988-89)."
      Appellant filed a brief in which he asserts one point of error, that the trial court erred because
said court "did not state a reason for issuing its order of dismissal; . . . . "
      We are not aware of any provision in the law to the effect that the trial court is required to
state a reason for entering an order of dismissal in this type of case; however, we are of the
opinion, and hold, that in the case at bar the trial court did give a reason for its dismissal because
the order recites that the case is dismissed under the court's authority under Section 13.001 of the
Texas Practice and Remedies Code.
      Section 13.001 provides:
      Dismissal of Action
      (a)  A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil
Procedure, has been filed may dismiss the action on a finding that:
            (1)  the allegation of poverty in the affidavit is false; or
            (2)  the action is frivolous or malicious.
      (b)  In determining whether an action is frivolous or malicious, the court may consider
whether:
            (1)  the action's realistic chance of ultimate success is slight;
            (2)  the claim has no arguable basis in law or in fact; or
            (3)  it is clear that the party cannot prove a set of facts in support of the claim.
      (c)  An action may be dismissed under subsection (a) as frivolous or malicious either before
or after service of process.
      The trial court has broad discretion to determine whether a suit filed pursuant to Rule 145,
Texas Rules of Civil Procedure, should be dismissed as frivolous under Section 13.001 of the
Texas Civil Practice & Remedies Code. Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex.
App.—Tyler 1989, writ denied), 796 S.W.2d 705 (Tex. 1990).
      Johnson, supra, states that Section 13.001 mirrors 28 U.S.C. § 1915(d), the federal statute
empowering federal courts to dismiss frivolous or malicious informa pauperis actions; and
explains that Congress recognized that a litigant whose filing fees and court costs are assumed by
the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,
malicious, or repetitive lawsuits.
      The trial court did not err in dismissing Appellant's action in the manner in which it was
done. The trial court's order is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
Before Justice Cummings,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed March 27, 1996
Do not publish



caps">Tex.
R. App. P. 81(b).
      Furthermore, when pleading guilty without an agreed recommendation, as Appellant did here,
Appellant is entitled to appeal only jurisdictional issues or voluntariness of his plea. Shallhorn
v. State, (Tex. Crim. App.) 732 S.W.2d 636, 637; Kings v. State, (Tex. Crim. App.) 687 S.W.2d
761, 765; Helms v. State, (Tex. Crim. App. 484 S.W.2d 925, 927. This is true regardless of the
punishment assessed. Appellant has appealed both a jurisdictional issue and a voluntariness issue
in this appeal. Thus he has not been denied the right to appeal any issue he might have otherwise
been able to appeal.
      Point two is overruled.
      The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 13, 1994
Do not publish