IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00312-CR

 

Raymond Edward Olivas,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court # 29255F-272

 



MEMORANDUM 
Opinion



 








            The
jury found Raymond Olivas guilty of the offense of evading arrest with a
vehicle.[1]  Olivas was sentenced to 1½ years in State
Jail.  We affirm.

          In
his sole issue, Olivas contends the evidence is legally and factually
insufficient to support his conviction because the officer did not establish
the identity of the suspect driving the vehicle which evaded him.  Evidence in the record connected Olivas to
the vehicle being pursued.  And identity
of a criminal defendant may be proved by inferences.  See
Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003); Roberson v. State,
16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref’d).  Viewing the evidence under the appropriate
standards of review, we find the evidence both legally and factually sufficient
to support the conviction.  See Vodochodsky
v. State, No. 74,129, 2004 Tex. Crim. App. LEXIS 663 (Tex. Crim. App. April
21, 2004) (legal sufficiency standard of review); Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20
(Tex. Crim. App. Apr. 21, 2004) (factual sufficiency standard of review).  Olivas’s issue is overruled.

          Having
overruled the issue, we affirm the judgment of the trial court.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Affirmed

Opinion delivered and filed November 10, 2004

Do not publish

[CR25]











[1]
Olivas was tried for several instances of evading.  This particular instance involved Olivas
evading Officer Gabe Alvarez, Bryan Police Department, on December 12, 2001.








ntal anguish is no longer a cause of action. See Birdo v.
Williams, 859 S.W.2d 571, 573 (Tex. App.—Houston [1st Dist.] 1993, no writ) (citing Boyles v.
Kerr, 855 S.W.2d 583 (Tex. 1993)). Thus the court did not abuse its discretion in dismissing his
in forma pauperis suit for having no arguable basis in law or fact. See id. We overrule point one.
      As to Birdo's request that we take "judicial notice" of the trial court's "pro-law enforcement"
bias, we decline. Nothing in the record indicates that the court acted improperly. We overrule
point two. We affirm the judgment.
ABUSIVE LAWSUITS
      Birdo is no stranger to the legal system. This court has reviewed several in forma pauperis
lawsuits filed by him. See, e.g, Birdo v. Ament, 814 S.W.2d 808 (Tex. App.—Waco 1991, writ
denied) (sued prison employees for serving him hot coffee in a "flimsy" paper cup); Birdo v.
Debose, 819 S.W.2d 212 (Tex. App.—Waco 1991, no writ). Birdo has flooded our sister courts
of appeals with his lawsuits. See, e.g., Birdo v. Williams, 859 S.W.2d 571 (Tex. App.—Houston
[1st Dist.] 1993, no writ) (sought $200,000 for "mental anguish" for negligent investigation of
employee allegedly throwing hot coffee on him); Birdo v. Hammers, 842 S.W.2d 700 (Tex.
App.—Tyler 1992, no writ) (trial on merits for prison employee's confiscation of headphones,
radio, and magazines); Birdo v. Parker, 842 S.W.2d 699 (Tex. App.—Tyler 1992, no writ) (trial
on merits against prison employees alleging slip and fall).
      The Fort Worth court addressed Birdo's litigiousness in Birdo v. Holbrook, 775 S.W.2d 411
(Tex. App.—Fort Worth 1989, writ denied). In affirming a take-nothing judgment, the court
noted that it had dealt with a prior appeal and six mandamus actions filed by Birdo. Id. at 412. 
Furthermore, Birdo's "pointless litigation" had begun not in Texas but in New Mexico. See id.
(citing Birdo v. Rodriquez, 84 N.M. 207, 501 P.2d 195, 197 (1972)). We also note that this list
is not exhaustive—it only represents the published opinions of cases brought by Birdo. Doubtless
others have been filed in our state-court system which have not been designated for publication
and thus are not readily available for our review.



      Birdo has not limited himself to state courts. He has been sanctioned by the Western District
of Texas for filing frivolous excessive-force suits. Birdo v. Carl, No. W-92-CA-186 (W.D. Tex.,
August 10, 1993). Not to be deterred, Birdo has now sued prison employees for alleged violations
in filing disciplinary reports and irregularities in his many grievance proceedings. See Birdo v.
Mata, W-94-CA-201 (W.D. Tex). Finally, although we do not know the specifics of the cases,
Birdo has filed lawsuits in the federal district courts in Tyler, Amarillo, and Fort Worth. He also
has a suit pending in a Houston federal court.
Sanctions
      This appeal is frivolous. We agree with the First Court of Appeals that damages should be
assessed against persons bringing frivolous appeals from dismissals under section 13.001. See
Smith v. Stevens, 822 S.W.2d 152 (Tex. App.—Houston [1st Dist.] 1991, writ denied); Tex. Civ.
Prac. & Rem. Code Ann. § 13.001; Tex. R. App. P. 84. We assess damages against Birdo of
$100, which is less than ten times the otherwise taxable costs. See Tex. R. App. P. 84.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 24, 1994
Publish