11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Jeffrey Balawajder 

Appellant

Vs.                   No. 11-03-00324-CV -- Appeal from Walker County

Richard G. Belanger,
G.J. Gomez, Robert A. Stauber, 

Bradley
Bachmann, and Richard Lossow

Appellees

 

Appellant, Jeffrey Balawajder, originally filed
this action in July of 1991, alleging civil rights violations under 42 U.S.C. ' 1983. 
Appellant is an inmate confined in a secure correctional facility
operated by the Institutional Division of the Texas Department of Criminal
Justice.  See TEX. CIV. PRAC.
& REM. CODE ANN. '
14.001(3) (Vernon 2002).  Appellees,
Richard G. Belanger, G.J. Gomez, Robert A. Stauber, Bradley Bachmann, and
Richard Lossow, are employees of the Texas Department of Criminal Justice.  He appeared in forma pauperis at trial by
filing an affidavit of inability to pay costs.  See TEX.R.CIV.P. 145.  Appellant appears pro se on appeal.  The trial court dismissed his suit as
frivolous on June 2, 2003.  Appellant
brings ten issues on appeal.  We affirm.

Appellant=s
original petition urged Section 1983 violations of his constitutional rights,
claim-ing the following:

(1) that the appellees forced him to work at a
TDCJID job while he had a hernia;

 

(2) that appellees assigned him to work at a job
that was beyond his disability classification; and

 

(3) that appellees provided inadequate medical
care or refused to provide essential 
medical care.

 








The underlying case was first dismissed for want of prosecution
by the trial court on August 11, 1998. 
Appellant filed a motion to reinstate pursuant to TEX.R.CIV.P. 165a(3)
after the dismissal.  The trial court
denied the motion without holding a hearing.  
The Fourteenth Court of Appeals reversed and remanded the dismissal
based upon the trial court=s
failure to conduct a hearing on appellant=s
motion to reinstate.  Appellant subsequently
filed several motions asking that the State be sanctioned.  Appellant attempted to pursue a second appeal
when those motions were not granted.  The
Fourteenth Court of Appeals dismissed the second appeal for want of
jurisdiction in the absence of a final judgment.

This appeal arises from an order of dismissal
entered by the trial court on June 2, 2003. 
The attorney general filed a motion to dismiss under Chapter 14 of the
Texas Civil Practice and Remedies Code alleging procedural noncompliance with
the statutes.[1]  See TEX. CIV. PRAC. & REM. CODE
ANN. '14.001 et
seq. (Vernon 2002).  The order of
dismissal recites:

The Court finds the petition filed by [appellant]
is not in compliance with the requirements set forth in Texas Civil Practice
and Remedies Code, Chapter 14.  

 

ACCORDINGLY, the Court ORDERS that
all claims against Defendants are DISMISSED as frivolous.  Any other relief not granted expressly herein
is denied.

 

Appellant complains in his first issue that the
trial court erred in dismissing his suit under Chapter 14.  As noted previously, appellant filed his
original petition in 1991.  Chapter 14
became effective on June 8, 1995.  The
enacting language provided that the Act only applies to a cause of action that
accrued on or after its effective date. 
Accordingly, we agree with appellant=s
contention  that the trial court could
not dismiss his case under Chapter 14.[2]  








While the order of dismissal references
noncompliance with Chapter 14, it also recites that all of appellant=s claims Aare
dismissed as frivolous.@[3]   We must sustain the judgment of a trial
court if it is correct on any theory of law applicable to the case and
supported by the record, regardless of whether the trial court gives the
correct legal reason for the judgment or whether it gives any reason at
all.  See Worford v. Stamper, 801
S.W.2d 108, 109 (Tex.1990);Point Lookout West, Inc. v. Whorton, 742
S.W.2d 277, 278 (Tex.1987). Harrington v. Railroad Commission, 375 S.W.2d
892, 895 (Tex.1964); Gulf Land Co. v. Atlantic Refining Co., 131 S.W.2d
73, 84 (Tex.1939).  Even though the
procedural requirements of Chapter 14 did not apply to appellant=s claims, Chapter 13  of the Texas Civil Practice and Remedies Code
applied because appellant filed an affidavit of inability under TEX.R.CIV.P.
145 instead of paying the requisite filing fee for instituting the action.  See TEX. CIV. PRAC. & REM. CODE
ANN. ' 13.001
et seq. (Vernon 2002).[4]  Section 13.001(a) provides that a court may
dismiss an action instituted by filing an affidavit of inability to pay costs
based upon a finding that the action is frivolous.  Section 13.001(b) provides that the court may
consider the following factors in determining whether an action is frivolous:
(1) the action=s
realistic chance of success is slight; (2) the claim has no arguable basis in
law or in fact; or (3) it is clear that the party cannot prove a set of facts
in support of the claim.[5]  Section 13.001(b) codifies the in forma
pauperis guidelines used by the federal courts under 28 U.S.C. ' 1915(d).  Johnson v. Lynaugh, 796 S.W.2d 705,
706 (Tex.1990)(Johnson II) ; Johnson v. Lynaugh, 766 S.W.2d 393,
394 (Tex.App. - Tyler 1989)(Johnson I), writ den=d per curiam, 796 S.W.2d 705
(Tex.1990). 

The standard for review of a dismissal under
Section 13.001 is whether the court abused its discretion.  Section 13.001; Johnson v. Peterson,
799 S.W.2d 345, 347 (Tex.App. - Houston [14th Dist.] 1990, no writ).  Abuse of discretion is determined by whether
the trial court acted without reference to any guiding principles.  Craddock v. Sunshine Bus Lines, 133
S.W.2d 124, 126 (Tex. 1939).  Stated
another way: Was the act of the court arbitrary or unreasonable?  Smithson v. Cessna Aircraft Company,
665 S.W.2d 439, 443 (Tex.1984); Landry v. Travelers Insurance Company,
458 S.W.2d 649, 651 (Tex.1970).  That an
appellate court might have decided a matter within the trial court=s discretion in a different manner does
not demonstrate that an abuse of discretion has occurred.  Southwestern Bell Telephone Company v.
Johnson, 389 S.W.2d 645, 648 (Tex.1965); Jones v. Strayhorn, 321
S.W.2d 290, 295 (Tex.1959).

 








Appellant filed an amended petition on April 10,
2003.  In this amended petition,
appellant urges the following:

(1) that he was subjected to several disciplinary
actions and punishments from September 6, 1991, until May 2, 1992, for failure
to work on a job he was unable to perform 
because of his medical condition;

 

(2) that appellees assigned him to work at a job
that was beyond his disability classification; 

 

(3)  that
appellees provided inadequate medical care or refused to provide essential  medical care; and

 

(4) that appellees retaliated against him because
he had sought legal redress for his grievances.

 

An amended pleading supersedes and completely replaces all
previous pleadings, rendering the previous pleadings ineffective.  See TEX.R.CIV.P. 65.  Therefore, we only look at appellant=s most recent amended pleading to
determine the causes of action pending in this matter.  

Section 1983 actions are characterized as personal
injury actions.  Wilson v. Garcia,
471 U.S. 261, 279-80 (1985).  In a
Section 1983 action, the state=s
statute of limitations applies. Board of Regents v. Tomanio, 446 U.S.
478, 484-86 (1980).  Personal injury
actions are governed by the two-year limitations period. TEX. CIV. PRAC. &
REM. CODE ANN. ' 16.003
(Vernon 2002). The first and fourth claims alleged in his amended petition
assert causes of actions which accrued after the filing of his original
petition but more than two years before the filing of the amended
petition.  These claims are based on Anew, distinct, or different@ transactions or occurrences than those
alleged in his original petition.  See
TEX. CIV. PRAC. & REM. CODE ANN. '
16.068 (Vernon 1997).   Accordingly,
these claims are barred by the applicable two-year limitations period.

To establish an Eighth Amendment violation, a
plaintiff must show a deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97
(1976).  Mere dissatisfaction with the
medical treatment or disagreement with his medical treatment is not sufficient
to show that appellant suffered a deliberate indifference to a serious medical
need. Farmer v. Brennan, 511 U.S. 825 (1994); Stewart v. Murphy,
174 F.3d 530, 533-34 (5th Cir. 1999).








Appellant complains that he suffered a ruptured
hernia in 1964 and underwent surgery to repair the tear.  He further alleges that on July 12, 1991, he
awoke with a severe pain in the groin area which he believed to be a hernia.  On July 16, 1991, appellant was examined and
referred to the surgery department of John Sealy Hospital for further
examination and treatment.  Appellant
also complains of preexisting hepatitis and calve/ankle bone disorder.  Appellant complains that he was not allowed
to see a doctor but was examined by a physician=s
assistant.

Appellant was assigned to the wood shop which
required him to lift and sand different kinds of furniture.  At the core of appellant=s medical complaints is the theme that
he could not receive a discharge from working or receive an assignment for some
type of Alighter
and slower activity@ due to
his medical infirmities.  None of
appellant=s
complaints rise to the level of deliberate indifference in the context of
inadequate medial care.  Appellant has
not stated an arguable basis in law to support the second and third allegations
of his amended petition.  Consequently,
the trial court did not abuse its discretion in dismissing this suit based upon
a determination that it is frivolous. 
Appellant=s first
issue is overruled.

In light of our determination that the trial court
did not err in dismissing this suit as frivolous, we need not address the
remainder of appellant=s
issues attacking other rulings made by the trial court.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

March 3, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The
attorney general filed the motion to dismiss as an amicus curiae.





     [2]As
per TEX.R.CIV.P. 299a, findings of fact are not to be recited in a
judgment.  





     [3]When
an inmate does not comply with the requirements of TEX. CIV. PRAC. & REM.
CODE ANN. '14.004 (Vernon 2002), the trial court is entitled to
assume the suit is frivolous because it is substantially similar to one
previously filed by the inmate.  See
Gowan v. Texas Department of Criminal Justice, 99 S.W.3d 319, 321‑22
(Tex.App. ‑ Texarkana 2003, no pet=n).





     [4]Section
13.001 was enacted in 1987.





     [5]The
factors listed in Section 13.001(b) are also contained in Section 14.003(b).