Opinion issued August 12, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00214-CV

———————————

Marion R. Mosley, Appellant

V.

John Doe
Prison GUARD #1 and JOHN DOE PRISON GUARD #2 OF THE COFFIELD UNIT, Appellees



 



 

On Appeal from the 369th District Court 

Anderson County, Texas[*]








 



Trial Court Case No. XXX-XX-XXXX

 



 

MEMORANDUM OPINION

Appellant Marion R. Mosley appeals
the trial court’s judgment dismissing his case without prejudice.  Mosley sued two unidentified employees of the
Texas Department of Criminal Justice—Institutional Division alleging that they
threw away his dentures during a shakedown of his jail cell.  The trial court dismissed Mosley’s case,
finding it to be “frivolous or malicious.” 
On appeal, Mosley contends that the trial court abused its discretion.

We affirm.

BACKGROUND

          According
to Mosley’s petition, two prison guards searched his jail cell, where he had
left his dentures.  When he was allowed
to return to his cell, the dentures were missing.  Mosley asked to speak to the guards’
supervisor, and they denied his request. 
Mosley filed a “step 1” grievance seeking replacement of his
dentures.  TDCJ responded:

Lt. Davis reports that the
housing areas were searched in accordance with Agency Policy.  All property confiscated was properly
handled, and confiscation papers were issued. 
There is no significant information to indicate your dentures were taken
by Staff.  No further action is
warranted.

 

          Mosley
filed a “step 2” grievance stating that he was dissatisfied with the response
to his “step 1” grievance.  TDCJ
responded:

An investigation conducted
at the Step 2 level revealed your dentures were never in the possession of
TDCJ.  Lieutenant Davis reports you have
no knowledge of the officer who supposedly removed or threw away in the trash
your dentures.  You should contact the
Dental Department on your unit of assignment to see if you qualify for some
more dentures.  No corrective action is
warranted at this time.

 

          Mosley
filed suit in forma pauperis.  He alleged that the trial court had
jurisdiction “pursuant to the provision of the TEXAS TORTS LAW.”  His cause of action alleged that during the
search of his cell, “John Doe #1 [and] John Doe #2 threw Plaintiff’s dentures
in the trash, which was removed from the cell block before Plaintiff was
allowed to return to his cell.”  Mosley
sought damages in the amount of $2,500. 
He filed a motion to proceed in
forma pauperis and an affidavit related to previous filings (disclosing one
prior civil lawsuit).  Nothing in the
record indicates that any defendant was served or appeared.  The trial court dismissed Mosley’s case
without prejudice.

Standard of
Review

Chapter 14 of the Civil Practice
and Remedies Code applies to suits brought by inmates in a district court in
which an affidavit or unsworn declaration of inability to pay costs has been
filed.  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 14.001–.014 (Vernon 2002).  When
an inmate files an affidavit of inability to pay, the trial court has broad
discretion to dismiss the suit as frivolous or malicious.  Id. § 14.003(a)(2), (b); see Retzlaff v. Tex. Dep’t of Criminal
Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied).  

In determining whether a claim is
frivolous or malicious, a trial court may consider whether (1) the claim’s
realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim
is substantially similar to a previous claim filed by the inmate because the
claim arises from the same operative facts.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(b).  

We review the dismissal of an
inmate’s Chapter 14 case under an abuse of discretion standard.  Jackson
v. Tex. Bd. of Pardons & Paroles, 178 S.W.3d 272, 278 (Tex.
App.—Houston [1st Dist.] 2005, no pet.); Moreland
v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  An abuse of discretion can be
found when the trial court acts without reference to any guiding rules or
principles.  Jackson, 178 S.W.3d at 275. 
However, when a trial court dismisses a claim without a hearing, the
issue on appeal is whether the claim had no arguable basis in law.  Moreland,
95 S.W.3d at 394.  Therefore, because
there is no indication in the record that the trial court held a hearing, we
review de novo the legal question of whether the trial court properly concluded
that the claim had no arguable basis in law. 
Id.

A claim has no arguable basis in
law if it is based on an “indisputably meritless legal theory” or is based on
“wholly incredible or irrational factual allegations.”  Scott
v. Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no
pet.); Minix v. Gonzales, 162 S.W.3d
635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

ANALYSIS

          Mosley
first contends that the Government Code provides a cause of action for his
claim for lost or damaged property.  See Tex.
Gov’t Code Ann. § 501.007 (Vernon 2004). 
Section 501.007 authorizes discretionary payments to inmates for the
destruction of their property by prison officials.  Id.  Although a private right of action may arise
from a statute, see Lively v. Carpet Services,
Inc., 904 S.W.2d 868, 871 (Tex. App.—Houston [1st Dist.] 1995, writ denied),
nothing in section 501.007 suggests that the Legislature intended to create a
statutory cause of action for an inmate to recover for loss of personal
property.  See Hamilton v. Pechacek, No. 02-09-115-CV, 2010 WL 851410, at *8 (Tex.
App.—Fort Worth Mar. 11, 2010, no pet.).  Rather, section 501.007 is part of an
administrative grievance procedure, which itself is Mosley’s remedy by which to
address loss of property.  See
Tex. Gov’t Code Ann. §§ 501.007–.008 (Vernon 2004). 

          Second,
Mosley argues that he could bring suit under Chapter 104 of the Texas Civil
Practice and Remedies Code.  Chapter 104
deals with State liability, not the personal liability of individual
employees.  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 104.001–.009 (Vernon 2005 & Supp. 2009).  “It provides no basis for appellant’s claim
that the individual employee defendants are personally liable.”  Birdo
v. Williams, 859 S.W.2d 571, 574 (Tex. App.—Houston [1st Dist.] 1993, no
writ).  Mosley did not sue the
State.  Mosley sued only two individual prison
guards, to whom he referred as John Doe #1 and John Doe #2.  Because Mosley is suing the anonymous
defendants in their individual capacity, Chapter 104 provides no basis for his
claim. 

          Third,
to the extent that Mosley contends that his case had an arguable basis in the common
law of torts, this issue is inadequately briefed because Mosley provided no
argument or authority on this issue.  See Tex.
R. App. P. 38.1(i); Wheeler v.
Methodist Hosp., 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  In both his petition filed in the
trial court and his brief on appeal, Mosley fails to identify any particular
tort claim for which he has an arguable basis in law.  Although we liberally construe pro se
pleadings and briefs, we nonetheless require pro se litigants to comply with
applicable laws and rules of procedure.  See Wheeler v. Green, 157 S.W.3d 439,
444 (Tex. 2005) (“pro se litigants are not exempt from the rules of
procedure”); Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184–85 (Tex. 1978); Kanow
v. Brownshadel, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no
writ).

We conclude that Mosley’s claims
had no arguable basis in law, and we hold that the trial court did not abuse
its discretion in dismissing Mosley’s case without prejudice.  We overrule Mosley’s appellate issues.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 

 

 

 











[*]        The Texas
Supreme Court transferred this appeal from the Court of Appeals for the Twelfth
District of Texas.  Misc. Docket No.
08-9177 (Tex. Dec. 15, 2008); see Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (authorizing transfer of
cases).  We are unaware of any conflict
between precedent of the Court of Appeals for the Twelfth District and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.