Terry **HUNTSBERRY**, Appellant,

v.

James **LYNAUGH**, Appellee.

No. 12–90–00165–CV.

Court of Appeals of Texas, Tyler.

March 29, 1991.

Terry Huntsberry, Tennessee Colony, pro se.

E. Montgomer Shepperd, Austin, for appellee.

BILL BASS, Justice.

Appellant, Terry Huntsberry, an inmate at the Texas Department of Criminal Justice Institutional Division (hereinafter "TDCJID"), appeals the dismissal of his *pro se* civil complaint which the trial court dismissed pursuant to "TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon 1988–89) [sic]." We affirm the judgment of the trial court.

By appellant's "First Amended Complaint of His Original Complaint," he sought to recover monetary damages from James Lynaugh, Director of the TDCJID, pursuant to the TEXAS TORT CLAIMS ACT, Chapter 101 of TEX.CIV.PRAC. & REM.CODE ANN. (Vernon 1986).[1] Appellant alleged that through the negligent and wrongful acts and omissions of his employees, Lynaugh proximately caused appellant's alleged injuries. In addition to court costs, "taxes," attorney's fees, and injunctive relief, appellant sought $40,000 in damages allegedly resulting from improper medical treatment administered to appellant for a skin rash. Appellant further alleged the negligent infliction of mental anguish, but failed to pray for any damages in this regard.

On appeal, appellant's sole point of error alleges that the trial court abused its discretion in dismissing appellant's lawsuit. THE TEXAS TORT CLAIMS ACT, § 101.021 provides:

A *governmental unit* in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the

---

**1.** Section 101.002 of the TEX.CIV.PRAC. AND REM. CODE ANN. (Vernon 1986) provides: "This chapter may be cited as the Texas Tort Claims Act."

wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. (Emphasis ours.)

Appellant's petition fails to meet the requirements of § 101.021 in at least two respects. First, appellant did not bring his suit against a "governmental unit," but instead, sued James Lynaugh. THE TEXAS TORT CLAIMS ACT does not govern suits brought directly against an employee of the State, regardless of the capacity in which he acted. Section 101.102(b) provides: "The pleadings of the suit must name as defendant the governmental unit against which liability is to be established." Second, even if appellant had named a proper defendant, appellant has failed to plead that *Lynaugh* caused injury to appellant through the use of a motor-driven vehicle, motor-driven equipment or tangible real or personal property. Therefore, the trial court did not err in dismissing appellant's complaint pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 et seq.[2] Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

2. Section 13.001 provides in relevant part that:

(a) A court in which an affidavit of inability to pay under Rule 145, TEXAS RULES OF CIVIL PROCEDURE, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.