Teodulo **PERALES**, Appellant,

v.

**S.O. KINNEY, Building Captain, Texas Department of Criminal Justice— Institutional Division, Appellee.**

No. 01–94–00393–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1994.

Teodulo Perales, pro se.

None filed for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from the trial court's dismissal of appellant Teodulo Perales' pro se in forma pauperis suit. Appellant sought recovery under the Texas Tort Claims Act for injuries he alleged resulted from appellee's negligence. Without motion or hearing, the trial court dismissed his claim as frivolous pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1994). We affirm.

In his sole point of error, appellant asserts the trial court abused its discretion when it dismissed appellant's lawsuit.

Appellant, a state prison inmate, sued S.O. Kinney in his capacity as Building Captain for the Texas Department of Criminal Justice, Institutional Division. In his petition, appellant alleges Kinney breached his duty to ensure inmate safety by negligently transferring appellant to a cell occupied by a fellow inmate who was known to be violent and aggressive. Appellant seeks damages for injuries he sustained as result of an assault by this cellmate.

The record does not reflect that the petition was ever served, nor does any response from appellee appear in the transcript. Because appellant's petition is the only item before this Court, the allegations must be construed liberally in the light most favorable to appellant. *Graves v. Texas Dep't of Corrections Employees*, 827 S.W.2d 47, 48 (Tex.App.—Houston [1st Dist.] 1992, no writ). A pro se inmate's petition is to be viewed "with liberality and patience." *Brewer v. Collins*, 857 S.W.2d 819, 821 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Despite this lenient standard, however, a pro se in forma pauperis suit may be dismissed either before or after service of process if the trial court finds that (1) the allegation of poverty is false, or (2) the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1994); *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ).

The trial court has broad discretion in making the determination to dismiss a suit under section 13.001. *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ).

 The trial court's order states, in part: "Plaintiff has failed to state a cause of action. Plaintiff's claim is frivolous in that it has no arguable basis in law...." Therefore, the issue before this Court is whether the trial court properly determined there is no arguable basis in law for the suit. *Hector*, 862 S.W.2d at 178.

The Texas Tort Claims Act provides:

A *governmental unit* in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986) (emphasis added).

 Appellant did not bring his claim against a "governmental unit," but instead sued S.O. Kinney. The Texas Tort Claims Act does not govern suits brought directly against an employee of the State, regardless of the capacity in which he acted. *Huntsberry v. Lynaugh*, 807 S.W.2d 16, 17 (Tex. App.—Tyler 1991, no writ). The Act provides: "The pleadings of the suit must name as defendant the governmental unit against which liability is to be established." TEX.CIV. PRAC. & REM.CODE ANN. § 101.102(b) (Vernon Supp.1994); *see Onnette v. Reed*, 832 S.W.2d 450, 452 (Tex.App.—Houston [1st Dist.] 1992, no writ) (reversing dismissal of claim against Texas Department of Criminal Justice but indicating prisoner could not recover from individual department employees under the Texas Tort Claims Act); *Huntsberry*, 807 S.W.2d at 17 (affirming dismissal of inmate's claim naming department employee only).

Appellant's action against S.O. Kinney is improper. Because appellant failed to state a claim upon which relief could be granted, the trial court did not abuse its discretion in dismissing the cause of action pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1994). We overrule appellant's sole point of error.

We affirm the judgment.