CV5-702 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00702-CV








Samuel James Jackson, No. 216204, Appellant




v.




Allan Polunsky, in his official capacity as chairman of the Texas Board of Criminal


Justice; Wayne Scott, in his official capacity as Director of the Texas Department


of Criminal Justice, Institutional Division; George Bush, in his official capacity


of governor of the State of Texas; Dan Morales, in his official capacity as the


Attorney General of Texas; Members of the Texas Board of Criminal Justice;


United States of America; and Janet Reno, in her official capacity as


Attorney General of the United States, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 95-03273, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellant Samuel James Jackson, a litigant proceeding pro se and in forma pauperis, is
confined in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). Jackson sued
in district court complaining generally of the TDCJ-ID's ban on smoking in the prison. In separate orders,
the court dismissed Jackson's claims against the federal and state defendants. Appellant appeals from the
trial court's orders and attempts to raise new complaints before this Court. Because we lack jurisdiction
over his new claims and because we find the others to be without merit, we will dismiss the new claims and
affirm the trial court's orders.



BACKGROUND


 Jackson originally filed a "Petition for Writs of Mandatory and Temporary Injunctive,
Declaratory Judgment and Monetary Damages Relief" ("petition") before the trial court. The petition
alleged the TDCJ-ID's ban on smoking in the prison violated inmates' rights under several provisions of the
federal and Texas constitutions, (1) several sections of Title 42 of the United States Code, (2) and the federal
and state tort claims acts. (3) Although nothing in the record evidences a dispute over service of process,
Jackson now intimates the clerk did not issue the citation "timely." In any event, both the state and federal
defendants made appearances in the suit. The state moved to dismiss the suit as frivolous. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 13.001(a)(2), (b) (West Supp. 1996). The trial court granted the state's
motion with prejudice. Jackson filed a general notice of appeal. (4) The federal defendants then filed a plea
to the jurisdiction and motion to dismiss based on sovereign immunity, qualified immunity, failure to state
a claim, and mootness. The trial court granted the motion with prejudice. Jackson again filed a notice of
appeal.



DISCUSSION


 Jackson filed a brief advancing five points of error. During the pendency of his appeal,
Jackson also submitted several motions and affidavits requesting injunctive relief. In those various motions
and affidavits, (5) Jackson seeks a "writ of mandatory temporary injunction" for relief from the TDCJ-ID's
alleged interference with the preparation and prosecution of his appeal. He primarily complains the
defendants are interfering unlawfully by placing him with a disruptive cell-mate, requiring him to keep his
many legal papers in small lockers, and depriving him of medication. Jackson did not present these
complaints to the trial court. Jackson cites no authority, and we are aware of none, that gives us jurisdiction
to enjoin these alleged wrongdoings in an original proceeding. (6) Therefore, we dismiss the requests Jackson
makes in his motions and affidavits.

 In his first four points of error, Jackson complains that the trial court violated the separation
of powers doctrine, various other constitutional provisions, and Texas Rule of Civil Procedure 145 when
it failed to order timely service of process upon the defendants. The record contains no evidence of
citation. The record does, however, contain evidence that both the federal and state defendants
acknowledged Jackson's suit by appearing before the trial court. Appearance constitutes waiver of service. 
Spivey v. Holloway, 902 S.W.2d 46, 48 (Tex. App.--Houston [1st Dist.] 1995, no writ). If the clerk
did commit any error, the error did not adversely affect Jackson's interests in the lawsuit. We, therefore,
overrule points of error one through four.

 In his fifth point of error, Jackson contends the trial court erred in dismissing his claims
without requiring the defendants to respond to the merits of the claims. We interpret Jackson's argument
as complaining that the trial court did not have legitimate grounds upon which to dismiss the lawsuit. We
will review the dismissal for abuse of discretion. See, e.g., Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.--Tyler 1994, no writ); Amador v. Tan, 855 S.W.2d 131, 133 (Tex. App.--El Paso 1993,
writ denied).



Claims Against State Defendants

 The trial court dismissed the claims against the state defendants as frivolous under Texas
Civil Practice and Remedies Code Section 13.001. In determining whether an action is frivolous or
malicious, a court may consider whether (1) the action's realistic chance of ultimate success is slight, (2)
the claim has no arguable basis in law or in fact, or (3) it is clear that the party cannot prove a set of facts
in support of the claim. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b) (West Supp. 1996). Caselaw
instructs courts to consider only the second factor. See Johnson v. Lynaugh, 796 S.W.2d 705 (Tex.
1990). Accordingly, the trial court found Jackson's claims had no arguable basis in law. (7)

 We hold the trial court did not abuse its discretion in finding Jackson's claims against the
state defendants had no arguable basis in law. Jackson sought declaratory, injunctive, and monetary relief
for alleged violations of the federal and state constitutions. In order to assert a claim under either
constitution, Jackson was required to establish that the alleged wrongful action interfered with a protected
right. Neither the state nor the federal constitution protects a citizen's interest in smoking. Jackson did not
claim membership in a protected class. Because Jackson asserted no protected interest, he failed to state
any claim arguably viable under either constitution.

 Similarly, Jackson's statutory claims against the state defendants were not legally viable. 
First, federal civil rights statutes do not provide relief to a claimant who fails to allege infringement of
protected rights. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). As discussed above, Jackson
attempts to vindicate an interest not protected by law. Second, the institution of a smoking ban does not
fall within any of the categories of injury actionable under the Texas Tort Claims Act ("TTCA"). (8) Third,
the TTCA waives immunity only for governmental entities and Jackson's suit is against individuals. See
Huntsberry v. Lynaugh, 807 S.W.2d 16, 17 (Tex. App.--Tyler 1991, no writ). Finally, Jackson's claims
do not fall within the purview of the Federal Tort Claims Act because the state defendants are not subject
to liability under the federal statute. See 28 U.S.C.A. §§ 1346(b), 2671. Because none of Jackson's
claims against the state defendants were legally plausible, the trial court acted within its discretion by
dismissing them as frivolous.



Claims Against Federal Defendants

 The trial court dismissed Jackson's claims against the federal defendants based on sovereign
immunity, qualified immunity, failure to state a claim, and mootness. The essence of Jackson's complaints
against the federal defendants was that they unlawfully failed to stop the state defendants from violating the
law. Once the suit against the state defendants had been dismissed, the claims against the federal
defendants were moot. We hold the trial court did not abuse its discretion in dismissing the suit on that
basis. We also uphold the dismissal based on Jackson's failure to state a claim against the federal
defendants for the reasons discussed above. Consequently, we do not reach the issue of whether the other
grounds supporting the second dismissal order were valid. Because neither Jackson's claims against the
federal defendants nor those against the state defendants were legally actionable, we overrule Jackson's
fifth point of error.



CONCLUSION


 We have no jurisdiction to hear Jackson's new claims in an original proceeding; therefore,
we dismiss his pending motions. Furthermore, because we find all five of Jackson's points of error to be
without merit, we affirm the orders of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   See Tex. Const. art. I. §§ 8, 13, 19, 20, 27, 29, & 32; U.S. Const. arts. I, V, VIII, IX, XIII, &
XIV.
2.   See 42 U.S.C.A. §§ 1981, 1983, 1985, 1986, & 1988.
3.   See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001, et seq.; 42 U.S.C.A. §§ 1346 (West
1993), 2671 (West 1994). 
4.   Jackson filed several other documents after the court dismissed the state defendants but
before he filed his notice of appeal. Specifically, he filed a "Joint Motion: In Opposition to
Defendants' Motion to Dismiss With Brief In Support/Partial Summary Judgment and
Judgment by Default," a "Verified Motion For Rehearing Or New Trial or Relief From Order
or Judgment," a "Request for Findings of Facts and Conclusions of Law," a "Notice to Court
Reporter," a "Motion For Leave to Proceed on Appeal In Forma Pauperis," and an
"Affidavit of Inability of Samuel James Jackson, #216204." The order dismissing the state
defendants was not a final order because it did not dispose of all the parties. Thus, it was not
appealable at the time Jackson filed his motions. Nonetheless, we treat his notice of appeal
as valid despite its prematurity. See Tex. R. App. P. 58.
5.   Jackson's pleadings and correspondence are lengthy and confusing; they cite various
statutes, constitutional provisions, and cases, but allege few facts supporting causes of action
under the law. Because Jackson is a pro se litigant, we construe his pleadings and correspondence
liberally in an attempt to determine the merits of his complaints. See Johnson v. McAdams, 781
S.W.2d 451, 452 (Tex. App.--Houston [1st Dist.] 1990, no writ) (citing Haines v. Kerner, 404 U.S.
519, 520 (1972)). However, we will not overlook a lack of supporting facts in an effort to establish a
valid cause of action. See id.
6.   Jackson may mistakenly rely on Texas Government Code Section 22.002, which
purports to grant the Supreme Court power to issue certain writs, including a writ of
injunction. See Tex. Gov't Code Ann. § 22.002 (West 1988 and Supp. 1996). We note that the
legislature in passing Section 22.002 did not successfully give the Supreme Court the power to issue a
writ of injunction, because the Constitution does not create such a power. See Lane v. Ross, 249
S.W.2d 591, 593 (Tex. 1952). Moreover, Section 22.02 does not grant such power to any court of
appeals.
7.   The State in its motion argued Jackson's claims had no basis in law or in fact. The trial
court implicitly agreed with the State's theory by rendering its order dismissing the claims
against the state defendants "for reasons stated in" the State's motion. We note, however,
that the record contains no evidence that the trial court held an evidentiary hearing. In fact,
the order and the State defendants' brief indicate the court based its findings on the pleadings
alone. Where a trial court dismisses a pro se case as frivolous without a fact hearing, the court can
not have determined that the claim had no arguable basis in fact. See Birdo v. Williams, 859 S.W.2d
571, 572 (Tex. App.--Houston [1st Dist.] 1993, no writ). We confine our review, therefore, to
whether the trial court properly found the claim had no arguable basis in law. See id.
8.   The TTCA provides a cause of action for some injuries caused by the use of publicly
owned motorized equipment and vehicles, or the condition or use of publicly owned tangible
property. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1986). 


 Times"> We have no jurisdiction to hear Jackson's new claims in an original proceeding; therefore,
we dismiss his pending motions. Furthermore, because we find all five of Jackson's points of error to be
without merit, we affirm the orders of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   See Tex. Const. art. I. §§ 8, 13, 19, 20, 27, 29, & 32; U.S. Const. arts. I, V, VIII, IX, XIII, &
XIV.
2.   See 42 U.S.C.A. §§ 1981, 1983, 1985, 1986, & 1988.
3.   See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001, et seq.; 42 U.S.C.A. §§ 1346 (West
1993), 2671 (West 1994). 
4.   Jackson filed several other documents after the court dismissed the state defendants but
before he filed his notice of appeal. Specifically, he filed a "Joint Motion: In Opposition to
Defendants' Motion to Dismiss With Brief In Support/Partial Summary Judgment and
Judgment by Default," a "Verified Motion For Rehearing Or New Trial or Relief From Order
or Judgment," a "Request for Findings of Facts and Conclusions of Law," a "Notice to Court
Reporter," a "Motion For Leave to Proceed on Appeal In Forma Pauperis," and an
"Affidavit of Inability of Samuel James Jackson, #216204." The order dismissing the state
defendants was not a final order because it did not dispose of all the parties. Thus, it was not
appealable at the time Jackson filed his motions. Nonetheless, we treat his notice of appeal
as valid despite its prematurity. See Tex. R. App. P. 58.
5.   Jackson's pleadings and correspondence are lengthy and confusing; they cite various
statutes, constitutional provisions, and cases, but allege few facts supporting causes of action
under the law. Because Jackson is a pro se litigant, we construe his pleadings and correspondence
liberally in an attempt to determine the merits of his complaints. See Johnson v. McAdams, 781
S.W.2d 451, 452 (Tex. App.--Houston [1st Dist.] 1990, no writ) (citing Haines v. Kerner, 404 U.S.
519, 520 (1972)