IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20407
Summary Calendar
_____

REGINALD LYNN RANDALL,

Plaintiff-Appellant,

versus

BILLY REEVES ET AL.,

Defendants,

BILLY REEVES; ROSENDO BOTELLO;
BILLY WILLIAMS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-98
- - - - - - - - - -

June 24, 1999

Before POLITZ, GARWOOD, and SMITH, Circuit Judges.

PER CURIAM:*

Reginald Lynn Randall appeals the summary judgment in favor
of Billy Reeves, Billy Williams, and Rosendo Botello (the
defendants). The magistrate judge held the defendants were
entitled to qualified immunity because Randall had not presented
sufficient competent evidence to counter the defendants'

_____

  * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

allegations that they acted reasonably in restraining Randall and

that any injuries he had incurred were the result of the actions necessary to subdue him.

The magistrate judge failed to consider Randall's verified complaint and More Definite Statement when reviewing the summary-judgment evidence. A verified complaint may serve as competent summary-judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). When these items are considered, genuine issues of material fact exist regarding the objective reasonableness of the defendants' actions against Randall and the cause of his injuries. See Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993)(second step for determining qualified immunity is to "decide whether the defendant's conduct was objectively reasonable"). The magistrate judge erred in granting summary judgment on Randall's excessive-force claims under 42 U.S.C. § 1983, and the decision should be reversed.

The magistrate judge also erred in granting summary judgment for the defendants on Randall's state-law claims. Although the magistrate judge was correct in asserting that the Texas Tort Claims Act does not govern suits against a state employee, see Perales v. Kinney, 891 S.W.2d 731, 733 (Tex. App. 1994), it does not appear that Randall alleged a cause of action under that Act. On its face, Randall's complaint alleges a cause of action for "violations of state common law tort and assault," although he sets forth the issue using language of the Texas Tort Claims Act regarding the use of tangible property. However, Randall's *pro*

*se* complaint should be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The magistrate judge erred in dismissing Randall's state common-law claims under the Texas Tort Claims Act. The other grounds asserted by the defendants for upholding the decision of the magistrate judge will not serve because they require a showing of objective reasonableness, which is a disputed factual issue. The judgment is therefore reversed and the case remanded for further proceedings.

Randall also contends that the magistrate judge abused her discretion in denying him leave to amend his complaint. Randall's amendment was requested after the summary judgment was granted and sought to bring the defendants back into the suit. District courts may deny leave when a substantial reason exists for the denial. <u>Jamieson v. Shaw</u>, 772 F.2d 1205, 1208 (5th Cir. 1985). This court has held that parties should not be permitted to present claims and defenses after adverse rulings. <u>Southern Constructors Group, Inc. v. Dynalectric Co.</u>, 2 F.3d 606, 612 (5th Cir. 1993). Because the defendants had already been dismissed from the suit, the denial of leave to amend was not an abuse of discretion by the magistrate judge. However, because the summary judgment has been reversed, Randall is free to seek leave to amend on remand because the "substantial reason" for refusing amendment no longer exists.

VACATED AND REMANDED.