NO. 07-00-0476-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2001

_________________________________

ANTONIO SEPEDA,

Appellant

v.

MATT KENNELLY and RAYNALDO CASTRO,

Appellees

_________________________________

FROM THE 223rd JUDICIAL DISTRICT FOR GRAY COUNTY

NO. 31,689; HON. LEE WATERS, PRESIDING

_______________________________

Before Boyd, C.J., and Quinn and Reavis, JJ.

Antonio Sepeda (Sepeda), an inmate at the Rufe Jordan Unit of the Texas Department of Criminal Justice (TDCJ), appeals from an order dismissing his suit against Matt Kennelly (Kennelly) and Raynaldo Castro (Castro), employees of TDCJ.  Via his 
pro se
 brief, he contends the trial court erred in dismissing the action.  We reverse.

Background

Reading Sepeda’s original petition liberally, he alleged that he previously had filed a civil action, cause No. 31,480, against employees of the Rufe Jordan Unit.
(footnote: 1)  Thereafter, Kennelly, who allegedly supervised the defendants involved in the initial suit, began to retaliate against Sepeda for filing the action.  The supposed retaliation took the form of Kennelly’s refusal to accord Sepeda different work assignments and privileges granted other prisoners.  When the situation was made known to Castro, a senior warden at the prison, the latter allegedly “failed to even attempt to correct or even make any full investigation.”  Rather, Castro “asked Unit Major Bryan to look into the situation.”  In turn, Bryan purportedly informed Sepeda that no retaliation was occurring.  Nevertheless, Sepeda’s requests for other job assignments continued to be denied.

According to Sepeda, the actions of Kennelly, Castro, and others were “all a form of punishment simply because [he] . . . exercis[ed] [his] rights and proceeding to access to courts with [his] civil rights complaint against employees . . . for mistreatment of a handicapped inmate”.  Furthermore, in so combining against him, their retaliation purportedly denied him his constitutional right to access the courts.

Kennelly and Castro joined issued via answer, special exceptions, and plea to the jurisdiction of the court.  Thereafter, the trial court entered its order dismissing the cause.  The reasons given for same were:

Plaintiffs [sic] claims for relief . . . are derived from the claims

asserted in cause No. 31,480 now pending before this court, 

and the relief requested is duplicitous of the relief requested

in No. 31,480, so that Plaintiff therefore has an adequate remedy in No. 31,480 for the damages requested in this cause;

Plaintiff’s claims for damages herein may be addressed in No. 31480;

Plaintiff has asserted no constitutionally protected right in this cause, nor has Plaintiff stated a claim of constitutional dimension in this cause;

Plaintiff’s claims herein have no arguable basis in law or fact and his realistic chances of success herein are slight.

From the order, Sepeda appealed.

Standard of Review

Statute permits a trial court to dismiss an action initiated by someone proceeding 
in forma pauperis
.  
Tex. Civ. Prac. & Rem. Code Ann
.
 §§13.001(a) & 14.003(a) (Vernon Supp. 2001).  Before doing so, however, the trial court must first find either that the allegations of poverty were false, that the action was frivolous or malicious, 
id.
 at §13.001(a)(1) & (2), or that the inmate executed a false affidavit or unsworn declaration.  
Id.
 at §14.003(a)(3).  Next, in determining whether the action is frivolous, the court may consider whether 1) the plaintiff’s “realistic chance of ultimate success is slight,” 2) the claim lacks “arguable merit in law or fact,” 3) the plaintiff can prove a set of facts supporting his claim, 
id.
 at §§13.001(b)(1), (2), & (3) & 14.003(b)(1), (2), & (3), or 4) the claim arises from the same operative facts as a previous claim filed by the inmate.  
Id.
 at §14.003(b)(4).  Finally, the decision to dismiss is reviewed under a standard of abuse discretion.  
See Morris v. Collins
, 916 S.W.2d 527, 528 (Tex. App.--Houston [1st Dist.] 1995, no writ) (stating that a trial court has broad discretion to determine whether to dismiss under 13.001).  And, discretion is abused when the court acted arbitrarily, unreasonably, or without reference to guiding principles.  
Harrison v. Texas Dept. Crim. Justice
, 915 S.W.2d 882, 887 (Tex. App.--Houston 1995, no writ).  

Application of Standard

We now consider each ground relied upon by the trial court.  The first involves the conclusion that the claims have no arguable basis in fact.  Before the trial court could legitimately make that finding, it was obligated to conduct an evidentiary hearing.    
In re Wilson
, 932 S.W.2d 263, 265 (Tex. App.--El Paso 1996, no writ); 
Morris v. Collins
, 916 S.W.2d at 528; 
Harrison v. Texas Dept. Crim. Justice
, 915 S.W.2d at 887.   However, the record at bar reveals no such hearing having been conducted.  Thus, the trial court could not have lawfully dismissed the suit on that ground.  
Id.

The second ground we address involves the finding that the claims lacked arguable basis in the law.  In testing the validity of this ground, we discovered authority holding that prison officials cannot retaliate against a prisoner for availing himself of the courts.  
Woods v. Edwards
, 51 F.3d 577, 580 (5th Cir. 1995).  Furthermore, the prohibition encompasses discrimination in job assignments.  
Vignolo v. Miller
, 120 F.3d 1075, 1077-78 (9th Cir. 1997).  Here, Sepeda averred that Kennelly and Castro impermissibly retaliated against him because he filed a civil action against other TDCJ employees.   Furthermore, the retaliation allegedly took the form of denying him job assignments and privileges granted other prisoners.  On their face, these allegations fall within the scope of 
Woods
 and 
Vignolo
 and, therefore, present a facially viable chose-in-action.  And, to the extent they do and since the trial court did not conduct an evidentiary hearing before dismissing the cause, “it is impossible to tell from [the] petition whether the . . . action’s realistic chance of ultimate success is slight . . . .”  
Spellmon v. Sweeney
, 819 S.W.2d 206, 212 (Tex. App.--Waco 1991, no writ).  Thus, dismissal because Sepeda’s purported claim had no arguable basis in law or lacked a realistic chance of success was improper.  

   The third ground we consider involves the determination that the claims were duplicitous of those encompassed in cause No. 31,480.  None of the pleadings from No. 31,480 were made part of the record before us.  Nevertheless, the original petition at bar pertains to a circumstance arising 
after
 cause No. 31,480 was filed.  Furthermore, the purported wrong and injury involved in the cause before us concerned retaliation for initiating the former proceeding.  Moreover, the retaliation was supposedly committed by individuals other than those named as defendants in the first suit.  Thus, the proceeding before us arose from two different transactions or occurrences and involved not only a different wrong and injury but also different parties.  In short, the two actions did not encompass the same operative facts as contemplated by §14.003(b)(4) of the Texas Civil Practice and Remedies Code.
(footnote: 2)   Nor were they duplicitous simply because the first suit spawned purported misconduct giving rise to the second.  So, dismissal on the ground that the suits were duplicitous was improper.

The fourth and final ground we consider concerns the finding that Sepeda’s claims for damages “may be addressed in [cause] No. 31,480.”  As shown above, the two suits involved different acts, transactions, and parties.  Thus, resolution of the dispute encompassed in the first proceeding would not 
ipso facto
 resolve that in the second.  So, one could not simply conclude that the issues in the second may have been addressed in the first.  Furthermore, and to the extent that economy of resource would have favored resolving all disputes at one time, the appropriate recourse was consolidation of the two proceedings, not dismissal of the second action.  So, dismissal on this ground also was improper. 

In sum, the content of the record at bar satisfies none of the grounds permitting dismissal which are contained in either §§13.001 or 14.003 of the Texas Civil Practice and Remedies Code.  In holding otherwise and dismissing the cause, the trial court’s decision did not comport with guiding principles and, therefore, constituted an abuse of discretion.  Accordingly, the order of dismissal is reversed and the cause is remanded for further proceedings.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
Authority requires us to liberally construe the petition of a 
pro se
 complainant, 
Perales v. Kinney, 
891 S.W.2d 731, 732 (Tex. App. – Houston [1
st
 Dist.] 1994, no writ), and accept the allegations contained therein as true.  
Jackson v. Texas Dept. of Criminal Justice-Institutional Div., 
28 S.W.3d 811, 813 (Tex. App. --Corpus Christi 2000, pet. denied).

2:
That different transactions and occurrences formed the basis of each suit negates the State’s contention that res judicata applies.  Simply put, the first suit could hardly bar the second when the operative facts or subject matter underlying the second proceeding had yet to occur when the first was initiated.  
See Amstadt v. United States Brass Corp.
, 919 S.W.2d 644, 653 (Tex. 1996) (stating that res judicata applies when the plaintiffs in the second suit seek to relitigate the matter which was the subject of the earlier litigation).