John Lewis v. Pacific Southwest Bank, et.al.



NUMBER 13-99-739-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

JOHN LEWIS, Appellant,

v.


PACIFIC SOUTHWEST BANK, LAUREL J. WEST, AND ANN ROBBINS, Appellees.

____________________________________________________________________


On appeal from the 94th District Court of Nueces County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa


Appellant, John Lewis, filed suit against appellees, Pacific Southwest Bank, Laurel West, and Ann Robbins (collectively
"the Bank"), for deceptive trade practices and discriminating business practices for closing his account with the bank. The
trial court granted appellees' motion for summary judgment. Lewis now appeals pro se. (1) As this is a memorandum
opinion not designated for publication and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.1. 

A "no-evidence" summary judgment granted under rule 166a(i) is essentially a pre-trial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.
Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.--Corpus Christi 1999, pet. filed); Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied). We review the evidence in the light most favorable to
the party against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Zapata, 997 S.W.2d at 747; Connell v. Connell, 889
S.W.2d 534, 537 (Tex. App.--San Antonio 1994, writ denied). A no-evidence summary judgment is improper if the
respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Havner, 953
S.W.2d at 711; Zapata, 997 S.W.2d at 747. Less than a scintilla of evidence exists when the evidence is so weak as to do
no more than create a mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983);Zapata, 997 S.W.2d at 747. More than a scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions. Havner, 953 S.W.2d at 711; Zapata, 997 S.W.2d
at 747.

If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for
summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly v. East, 900 S.W.2d 755,
758 (Tex. App.--Corpus Christi 1995, writ denied). 

In his first point of error, Lewis contends the trial court erred in not allowing discovery and not ruling on his motion to
compel.

After reviewing the record, this Court is unable to find a motion to compel discovery which Lewis claims he filed. Lewis
attached a motion to compel to his brief as Exhibit D, but there is no evidence that this motion was presented to the trial
court. This Court must hear and determine a case on the record as filed, and may not consider documents attached as
exhibits to briefs. RWL Constr., Inc. v. Erickson, 877 S.W.2d 449, 451 (Tex. App.-Houston [1st Dist.] 1994, writ
denied);Mitichison v. Houston Indep. Sch. Dist., 803 S.W.2d 769, 771 (Tex. App.-Houston [14th Dist.] 1991, writ denied);
seeTex. R. App. P. 34.5 (designation of filings in clerk's record). Therefore, Lewis has failed to preserve this issue for our
review. See Tex. R. App. P. 33.1. Lewis's first point of error is overruled.

In his second point of error, Lewis contends appellees' motion for summary judgment was "completely misworded and thus
void." Lewis argues that no cause of action could have been addressed because of the "miswording". 

Lewis contends the Bank erred in its summary judgment motion by stating: 

There is no genuine issue as to any material fact necessary to establish that [appellees] are entitled to judgment on
[appellant's] cause of action against them as follow:

1. There is no genuine issue as to any material fact necessary to establish as a matter of law that [the Bank], pursuant to
contracts entered into between it and Plaintiff had the contractual right to close Plaintiff's account at any time upon
reasonable notice to Plaintiff and tender the balance to the Plaintiff. Moreover, Plaintiff has judicially admitted in his
Original Petition that [the Bank] can close an account.

2. There is no genuine issue as to any material fact necessary to establish as a matter of law that Plaintiff was given
reasonable notice that his account would be closed, that Plaintiff instructed [the Bank] as to the manner and location that
the funds should be sent, that the funds were in fact sent to Plaintiff in the manner he instructed [the Bank] to return the funds.

3. There is no genuine issue as to any material fact necessary to establish as a matter of that law that Plaintiff did not suffer
damages as a result of the conduct of Defendants.

4. There is no genuine issue as to any material fact necessary to establish as a matter of law that Plaintiff has no evidence
whatsoever to support his claim against Defendants, West and Robbins.

Lewis argues that the wording in the motion is against the Bank and in favor of Lewis. Specifically, in paragraph numbers
2 and 3 he argues that it should state "not given" rather than "given", and "did" rather than "did not." We disagree.

The Bank's motion is simply alleging, as required in a motion for summary judgment, that there is no evidence to raise a
genuine issue of material fact on each of Lewis's claims. Lewis's second point of error is overruled.

In his third point of error, Lewis contends appellees were not entitled to summary judgment because they presented no
evidence to support their motion.

The Bank filed a "no evidence" motion for summary judgment. A no-evidence summary judgment is improper if the
nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Havner, 953
S.W.2d at 711; Zapata, 997 S.W.2d at 747. After reviewing the entire record, we conclude that Lewis did not present any
evidence that the Bank committed a deceptive act. Thus, the trial court did not err in granting the Bank's motion for
summary judgment. Lewis's third point of error is overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 28th day of June, 2001.

1. Authority requires us to liberally construe the petition of a pro se complainant and accept the allegations contained
therein as true. Jackson v. Tex. Dep't of Crim. Justice-Institutional Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi
2000, pet. denied); Perales v. Kinney, 891 S.W.2d 731, 732 (Tex. App.-Houston [1st Dist.] 1994, no writ). However, pro
se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of
procedure. See Shull v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.-San Antonio 1999, pet. denied), cert. denied,
121 S.Ct. 94 (2000). Rules of procedure are readily accessible and are intended to help clarify issues, expedite resolutions,
and ensure accurate decisions. See Tex. R. Civ. P. 1; In re Caldwell, 918 S.W.2d 9, 10 (Tex. App.-Amarillo 1995, no writ). 
If we were to employ a lower standard for pro se litigants, we would be providing them an unfair advantage over litigants
represented by counsel. See Shull, 4 S.W.3d at 52.