NO. 12-01-00152-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MICHAEL EUGENE GEIGER,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


BARBARA L. LANDES, ALIAS

BARBARA L. LAW, §
 ANDERSON COUNTY, TEXAS

APPELLEE






PER CURIAM
 Inmate Michael Eugene Geiger ("Geiger") filed a pro se in forma pauperis civil suit against
Barbara Landes ("Landes"), an attorney employed by the State Counsel for Offenders, a division of
the Texas Department of Criminal Justice pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§
101.001 et seq., commonly known as the Texas Tort Claims Act ("the Act"). Geiger sued for
damages resulting from Landes' failure to adequately represent him. He also requested damages
pursuant to 42 U.S.C.A. § 1983 (1994) for violation of the United States Constitution and Texas
Penal Code §§ 39.02(A)(1) and 39.03(A)(1)(2). The trial court dismissed as frivolous all claims
against Landes sua sponte. In two issues, Geiger complains that the trial court erred when it
dismissed his suit. We affirm.


Background

 In his petition, Geiger alleged that he was indicted for an assault against a prison guard, for
which Landes was appointed to represent him. Geiger complained that Landes did not represent him
in a professional manner, only interviewed him twice in a three year period, failed to respond to his
written complaints, did not comply with his requests for documents, did not pursue a speedy trial
motion, and withdrew as counsel one week before his arraignment. Geiger asserts that these actions
were taken because of Landes' racism and religious discrimination. Upon its own motion, the trial
court dismissed Geiger's claims as frivolous or malicious pursuant to Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon Supp. 2002). This appeal followed.


Standard of Review

Dismissal Of Causes As Frivolous

 In his two issues, Geiger complains that the trial court abused its discretion when, on its own
motion and without a hearing, it dismissed his suit against Landes because it found that the claims
against her were frivolous or malicious. When a plaintiff files an affidavit of inability to pay, the
trial court has broad discretion to dismiss the suit as frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon Supp.2002); Perales v. Kinney, 891 S.W.2d 731, 733 (Tex.
App.-Houston [1st Dist.] 1994, no writ). A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles. Aguilar v. Chastain, 923
S.W.2d 740, 743 (Tex. App.-Tyler 1996, writ denied).

 In determining whether an action is frivolous or malicious, the statute allows the trial court
to consider whether: 



 the claim's realistic chance of ultimate success is slight;
 the claim has no arguable basis in law or in fact;
 it is clear that the party cannot prove facts in support of the claim; or



Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon Supp. 2002).

 Case law requires that we only consider the second factor - whether there is an arguable basis
in law or fact. See Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990). When, as here, the trial
court dismisses without a fact hearing, it could not have determined the suit had no arguable basis
in fact. Hector v. Thaler, 862 S.W.2d 176, 178 (Tex. App.-Houston [1st Dist.] 1993, no writ). 
Thus, the issue before us is whether the trial court properly determined there was no arguable basis
in law for the suit. Id. In order to make this determination, we will examine the types of relief and
causes of action Geiger pleaded in his petition to ascertain whether, as a matter of law, the petition
stated a cause of action that would authorize relief.



Texas Tort Claims Act

 As stated in his petition, Geiger brought suit under the Act and named Landes as defendant. 
Geiger did not name the State of Texas or any other governmental unit as a party. However, a state
official is not a proper party to a suit brought by an inmate under the Texas Tort Claims Act because
an official is not a governmental unit. The Act does not provide for recovery against individuals
employed by the State. Aguilar, 923 S.W.2d at 744; Harrison v. Texas Dept. of Criminal Justice,
915 S.W.2d 882, 890 (Tex. App.-Houston [1st Dist.] 1995, no writ). No court has jurisdiction over
a suit brought under the Act against an employee of the State; therefore, all claims under the Act
against Landes were properly dismissed. Perales, 891 S.W.2d at 733; Huntsberry v. Lynaugh, 807
S.W.2d 16, 17 (Tex. App.-Tyler 1991, no writ). 

 However, "an officer who acts outside the scope of his authority is amenable to suit under
a traditional common law cause of action." City of Beaumont v. Bouillion, 896 S.W.2d 143, 150
(Tex. 1995). Consequently, even though claims against Landes under the Act are not proper, Geiger
did allege facts which may support a common law action against Landes for legal malpractice. But
absent a showing that Geiger was exonerated from his criminal conviction for assault, his criminal
conduct was the sole proximate cause of his conviction and damages. Barnum v. Munson,
Munson, Pierce & Cardwell, P.C., 998 S.W.2d 284, 286 (Tex. App.-Dallas 1999, pet. denied). This
warrants a determination that Geiger's malpractice claim against Landes was frivolous. See Id. 

42 U.S.C.A. § 1983

 Geiger's suit against Landes was also based on 42 U.S.C. § 1983, which provides, in
pertinent part:


 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in action at law,
suit in equity, or other proper proceeding for redress. 


42 U.S.C.A. § 1983. The initial analysis in a section 1983 action is to determine whether (1) the
conduct complained of was committed by a person acting under color of state law, and (2) this
conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws
of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420
(1981).

 Landes, against whom Geiger filed suit, is an employee of the Texas Department of Criminal
Justice. We have no difficulty concluding that the trial court did not dismiss the petition on the basis
that Geiger could not establish the "color of state law" prong of a section 1983 action. As to the
remaining requirement of the first element, when sued for damages, officials acting in their official
capacities are not "persons" who may be liable under section 1983. See Will v. Michigan Dep't of
State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Also, mere
negligence by a government official is not actionable under section 1983. Johnson v. Lynaugh, 800
S.W.2d 936, 939 (Tex. App.-Houston [14th Dist.] 1990, writ denied). 

 Furthermore, in his petition, Geiger maintains that Landes' actions were motivated by racism
and religious discrimination. In reviewing dismissal of a lawsuit brought by an inmate who has filed
an affidavit or declaration of inability to pay costs, the court of appeals is bound to take as true the
allegations in the inmate's original petition. Jackson v. TDCJ-ID, 28 S.W.3d 811, 813 (Tex. App.-
Corpus Christi 2000, pet. denied). However, to successfully allege a claim of discrimination in a
section 1983 cause of action, a litigant must state specific facts, not merely conclusory allegations
of discrimination. See Denson v. TDCJ-ID, No. 12-99-00177-CV, 1999 LEXIS 8125 at *6-7,
__S.W.3d__, (Tex. App.-Tyler October 28, 1999, writ denied). A contention is frivolous if no facts
are advanced in support of a mere conclusory allegation. Id. In the present case, Geiger made
conclusory allegations of discrimination with no factual basis, which the court impliedly found
frivolous. Therefore, upon the facts and legal allegations contained in Geiger's petition, there is no
arguable basis in law for an action under 42 U.S.C. § 1983 because no constitutional right was
implicated. Consequently, Geiger's section 1983 action for damages against Landes was not
actionable, and the trial court correctly dismissed as to that claim. 


Texas Penal Code

 Geiger's pleadings also asserted a cause of action pursuant to sections 39.02 and 39.03 of the
Texas Penal Code, alleging that Landes abused her official capacity and engaged in official
oppression. However, the Penal Code does not create private causes of action, and a victim "does
not have standing to participate as a party in a criminal proceeding." Tex. Const. art. I, § 30(e);
Tex. Code Crim. Proc. Ann. art. 56.02(d) (Vernon Supp. 2002). Thus, Geiger's allegations based
on the noted penal code sections must fail as not stating a cause of action recognized by law. 

 Finding that Geiger's claims have no arguable basis in law, we overrule issue one.


Dismissal Without Hearing

 In his second issue, Geiger complains that the trial court abused its discretion when it failed
to conduct a hearing before dismissing his claim. We disagree. A fact hearing is only necessary if
the claim has an arguable basis is law. See In re Wilson, 932 S.W.2d 263, 265 (Tex. App.-El Paso
1996, no writ); McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex. App.-Houston [1st Dist.]
1991, no writ). Since Geiger's suit did not have a basis in law due to his failure to name a
governmental entity, because no constitutional right was implicated by his complaint, and because
there was no private cause of action under the Penal Code, the trial court did not err when it did not
proceed with a fact hearing on Geiger's petition. Accordingly, we overrule issue two. 

 We affirm the judgment of the trial court.

Opinion delivered January 31, 2002. 

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






















(DO NOT PUBLISH)