COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 

 




 
 
  
 DANNY W.
 THOMPSON,
  
                             Appellant,
  
 v.
  
 TEXAS DEPARTMENT
 OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, JEFFREE CALFEE, JOSEPH CASAL, GUILLERMO PACHECO, FRED QUINTELA,
 WAYNE SCOTT, AND EMORY STROTHER,
  
                             Appellees.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00232-CV
  
 Appeal from the
  
 83rd Judicial District Court
  
 of Pecos County, Texas
  
 (TC# 5907)
 
 




 

O P I N I O N

 

This is an appeal from the dismissal
of an inmate=s suit under the Texas Tort Claims
Act.  For the reasons stated, we affirm
the judgment.

I.  SUMMARY OF THE EVIDENCE








Appellant, Danny W. Thompson, is an
inmate at the Clements Unit of the Texas Department of Criminal
Justice--Institutional Division.  Appellant
filed suit against Appellees, the Texas Department of Criminal
Justice--Institutional Division, Jeffree Calfee, Joseph Casal, Guillermo
Pacheco, Fred Quintela, Wayne Scott, and Emory Strother, under the Texas Tort
Claims Act.  Appellees moved to dismiss
the action as frivolous under Section 14.001 of the Texas Practice and Remedies
Code.  The trial court granted the motion
to dismiss, finding that the petition was Afrivolous and not in compliance with
the requirements set forth in Texas Civil Practice and Remedies Code, Chapter
14.@ 
This appeal follows.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.001 (Vernon Supp. 2001).

II.  DISCUSSION

In his sole issue, Appellant
challenges the trial court=s dismissal order.  We
address this issue under the abuse of discretion standard of review.  Clark v. J.W. Estelle Unit, 23 S.W.3d 420,
421 (Tex. App.‑‑Houston [1st Dist.] 2000, pet. filed) (applying
abuse of discretion standard to dismissal for not complying with requirements
of Civil Practice and Remedies Code section 14.004); Samuels v. Strain,
11 S.W.3d 404, 406 (Tex. App.‑‑Houston [1st Dist.] 2000, no pet.)
(applying abuse of discretion standard to dismissal on grounds of frivolousness
under chapter 14).  A court abuses its
discretion if it acts without reference to guiding rules or principles.  Samuels, 11 S.W.3d at 406.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004 (Vernon Supp. 2001).      








Appellees alleged that Appellant=s claims were frivolous and had no
basis in law.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon Supp.
2001).  Appellees also alleged that
Appellant (1) failed to file a certified copy of his trust account statement as
required by Sections 14.004(c) and 14.006(f) of the Civil Practice and Remedies
Code;[1]
(2) failed to comply with the exhaustion requirements of Section 14.005 of the
Civil Practice and Remedies Code and Section 551.008 of the Government Code;
and (3) failed to attach a copy of the grievance decision as required by
Section 14.005(a)(2) of the Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(c), 14.005, 14.005(a)(2),
14.006(f) (Vernon Supp. 2001); Tex. Gov=t Code Ann. ' 551.008 (Vernon Supp. 2001).

A. 
Exhaustion of Administrative Remedies

An inmate must prove he exhausted all
administrative remedies within the penal grievance system before initiating a
lawsuit.  Pedraza v. Tibbs, 826
S.W.2d 695, 699 (Tex. App.‑‑Houston [1st Dist.] 1992, writ dism=d w.o.j.) (stating rule in context of
chapter 13 case).  Civil Practice and
Remedies Code section 14.005(a) provides that an inmate must attach both an
affidavit or unsworn declaration stating the date that the grievance was filed
and the date the written decision was received by the inmate, and a copy of the
written decision from the grievance system.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a) (Vernon Supp. 2001).  








Appellant
contends that he attempted to comply Ato the best of his ability,@ and this attempt is sufficient.  Thompson submitted his AStep 1@ grievance form on October 18,
2000.  It was returned to him by the unit
grievance investigator because it had AInappropriate/excessive attachments.@ 
Thereafter, Appellant filed a AStep 2@ grievance form on November 2,
2000.  It was returned to him on November
16, 2000, with a letter from the Assistant Administrator of Offender
Grievance.  Appellant was notified that
the grievance was not submitted in the proper manner, because he submitted a
Step 2 appeal on a Step 1 grievance form that had been returned unprocessed for
improper submission.  The letter informed
Appellant that grievances that qualify for re-submission may be corrected and
resubmitted to the unit grievance investigator within 15 days of the signature
date on the returned grievance form. 
Apparently, Appellant did not resubmit his grievance, since we do not
find one in the record before us, and therefore did not receive a final
decision before filing his lawsuit. 
Thus, Appellant failed to exhaust his administrative remedies as
required by Section 14.005(a).  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a) (Vernon Supp. 2001).  This portion of Issue No. One is overruled.

B.  Frivolous Claims








The
trial court has broad discretion to dismiss a lawsuit brought under Chapter 14
as frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon Supp. 2001); Jackson
v. Tex. Dep=t of Criminal Justice--Institutional Div., 28 S.W.3d 811, 813 (Tex. App.‑‑Corpus
Christi 2000, pet. denied); Bell v. Texas Dep=t of Criminal Justice‑‑Institutional
Div., 962 S.W.2d
156, 157 (Tex. App.‑‑Houston [14th Dist.] 1998, pet. denied);
Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.‑‑Houston
[1st Dist.] 1998, no pet.).  In
determining whether a claim is frivolous or malicious, the trial court may
consider whether:  (1) the claim=s realistic chance of ultimate
success is slight; (2) the claim has no arguable basis in law or fact; (3) it
is clear that the party cannot prove facts in support of the claim; or (4) the
claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.003(b) (Vernon Supp. 2001).

In their Motion to Dismiss, Appellees argued that Appellant=s claims were barred by sovereign
immunity and, having no arguable basis in law or fact, were frivolous.  The Tort Claims Act provides that a governmental
unit in the state is liable for:

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment; and

 

(B) the employee would be personally liable to the
claimant according to Texas law; and

 

(2) personal injury and death so caused by a condition
or use of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas law. 

 








Tex. Civ.
Prac. & Rem. Code Ann.
' 101.021 (Vernon Supp. 2001) (emphasis
added).  The Act clearly contemplates the
liability of a Agovernmental unit@ and does not govern suits brought
directly against a State employee, regardless of the capacity in which he
acted.  Id.; see also Perales
v. Kinney, 891 S.W.2d 731, 733 (Tex. App.--Houston [1st Dist.] 1994)
(affirming dismissal as frivolous claim under the Act against an individual
State employee) (citing Huntsberry v. Lynaugh, 807 S.W.2d 16, 17 (Tex.
App.--Tyler 1991, no writ)).  Thus, the
trial court correctly dismissed the suit as to Appellees Calfee, Casal,
Pacheco, Quintela, Scott, and Strother. 
Moreover, because Appellant alleged he was Asexually assaulted and harassed@ by Appellee Pacheco, there is no
allegation of use of tangible personal property, as required by the Tort Claims
Act, and thus no waiver of sovereign immunity. 
Id.  The trial court
properly dismissed the action against Appellee Texas Department of Criminal
Justice--Institutional Division.  

Finding that
Appellant did not exhaust his administrative remedies and finding no waiver 

of sovereign immunity, the trial
court did not abuse its discretion in dismissing the suit.  Issue No. One is overruled and the judgment
of the trial court is affirmed. 

June 13, 2002

 

RICHARD BARAJAS, Chief Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

 

(Do Not Publish)

 











[1]
We note that Appellant did file a certified copy
of his account and attached it to his Original Petition.